[No. 1957.]

THE AMERICAN CENTRAL INSURANCE CO. v. DONLON.

1. FIRE INSURANCE—INSURABLE INTEREST.
One who purchased a lot and building thereon from the person in possession and took possession thereof under a quitclaim deed knowing that the title to the lot was in another person but believing that he acquired a good title to the building, and who afterwards erected another building on the lot and was in possession and use of the premises at the time a policy of insurance was procured on the buildings and at the time of loss thereof by fire, had an insurable interest in the premises.

2. FIRE INSURANCE—KNOWLEDGE OF AGENT—WAIVER OF CONDITION.
Where a policy of fire insurance was issued on buildings in which the insured had an insurable interest, but which were situated on a lot, the title of which was not in the insured, and the agent effecting the insurance had full knowledge of the condition of the title to the lot, the issuance of the policy with such knowledge was a

waiver of a condition in the policy, providing that if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple, the policy should be void unless otherwise provided by agreement indorsed on the policy.

3. FIRE INSURANCE—APPRAISAL—WAIVER OF CONDITION.

A condition in a policy of fire insurance requiring an appraisement of the property destroyed is waived by an absolute denial of any liability.

*Appeal from the District Court of El Paso County.*

Mr. SYLVESTER G. WILLIAMS, for appellant.

Mr. H. McGARRY, for appellee.

GUNTER, J.

Appellee sued appellant upon a fire insurance policy and recovered judgment, from which is this appeal. The facts involved are:

September 12, 1896, one Dunbar was in possession of lot 27, Block A of Cripple Creek Heights Addition to the town of Cripple Creek, and of the building situate thereon. On this date, in consideration of the sum of $250, he conveyed to appellee Donlon, by quitclaim deed, all his interest in said lot and the improvements thereon. Donlon thereupon took possession, erected an additional building thereon, completing it early in January, 1897. January 7, 1897, Donlon, at the solicitation of one Wadsworth, an insurance solicitor, took out a policy in the sum of $700 upon buildings composed of the building purchased of Dunbar and the building erected by himself. Donlon was in possession of the property insured, claiming it as owner, and exercising the rights of ownership over it, when the policy was issued and at the time of its destruction by fire. At the date of the trial, August 22, 1898, he still occupied the lot.

When he purchased from Dunbar, Donlon knew that Dunbar could give, as to the lot, only possession, but believed

he was acquiring complete ownership of the building. Donlon believed that he owned also the building erected by himself. It further appeared that one Tobin was at all of said times the owner in fee of the lot. Notice was promptly given to the company of the loss, the adjuster of the company visited the premises, appraisers were selected, award reached, and the award repudiated by the company, the adjuster claiming fraud in the proceedings. In June, 1897, proper proof of loss was submitted to the defendant. The defendant company denied any liability. This suit was instituted on September 3, 1897.

The appellant contends: (1) That assured had no insurable interest in the insured buildings. (2) That the policy was void because of a violation of the provision thereof, requiring the subject of the insurance to be a building on ground owned by the insured in fee simple. (3) Because no appraisement was made of the loss sustained. These embrace the errors urged on oral argument and all substantial questions presented in the assignment of errors. Other errors are assigned and have been considered, but do not justify a reversal.

I. Had assured an insurable interest?

In *Travis v. The Continental Ins. Co.,* 32 Mo. App. Rep. 206, the policy covered a stock of groceries, the assured being a husband. It was contended that inasmuch as the stock of groceries was a verbal gift to him by his wife and such gift was void under a Missouri statute, that the property remained the wife's and that therefore assured had no insurable interest therein. The court held that an insurable interest existed in the assured, saying:

"It may be conceded that the property was the wife's separate property and that the verbal gift of it by his wife to plaintiff was invalid, but it does not follow that the plaintiff had not an insurable interest in it. The plaintiff had possession of the property claiming it as his own by virtue of a transfer of it from his wife. If this claim was made in good faith by plaintiff, he had an insurable interest in the property. The fact that the title of the insured to the property is de-

fective, or invalid even, will not deprive him of his insurable interest therein if he is in possession and use thereof under a *bona fide* claim of title, legal or equitable."

In *Gilman v. Ins. Co.*, 81 Maine, 488, the policy covered certain buildings of which the assured was in possession under a contract for a purchase of the property, subject to a condition which had not been complied with, but of which the vendor had taken no advantage at the date the insurance was effected, or at the time of the loss. It was contended that no insurable interest existed. The court held the existence of an insurable interest, saying in the course of the opinion : " It may be stated as a general proposition, sustained by all the authorities, that whenever a person will suffer a loss by a destruction of the property, he has an insurable interest therein."

Both of these cases have been cited with approval by this court.

In *Ins. Co. v. The Allis Co.*, 11 Colo. App. 264, the policy ran upon a stamp mill and machinery. There was evidence that assured was the sole owner of at least the machinery. Also evidence that he was in possession of the mill building, claiming ownership. It was also in evidence that his right to the mill building was disputed, and that steps were being taken to compel him to surrender it. This court approved the finding of the jury that an insurable interest existed.

In *Insurance Company v. Chase*, 5 Wallace, 512, the court thus states the reason for requiring the presence of an insurable interest : " The assured must therefore have an interest in the property insured, otherwise there is a temptation to destroy it, which a sound policy condemns."

It is reasonable to conclude that Donlon in purchasing the building from Dunbar, of which Dunbar had for months been in possession, believed he was becoming the owner of the building purchased. It is reasonable to conclude that in constructing a second building upon the premises at a cost to him of several hundred dollars, he believed himself the owner of this building. Assured was in actual possession of the insured

building when the policy was written and at the time of the loss. At the trial of this case, nearly two years after he originally went into possession, he was still in the possession of the lot. When the loss occurred, he was conducting a mercantile business in the buildings. His interest at the writing of the policy, and at the date of the loss, was such in the insured property that by its destruction he would suffer a loss. He had an insurable interest in the premises.

Appellant cites in support of his contention that no insurable interest existed in the present case. *Peoria M. & F. Co. v. Hall*, 12 Mich. 202. In that case one partner insured a stock of merchandise in his own name. The court said: " Without attempting to decide what might have been a rule of law had it appeared from the evidence that the insurance is really intended for the benefit of the firm, the premium paid from the partnership funds and the transaction subsequently ratified by the other partner, we think * * * the rule is well settled in reference to a fire policy like this, that if one partner, or part owner, of the property held in common, insured in his own name only, the policy will cover his undivided interest and no more."

Also *Agricultural Ins. Co. v. Montague*, 38 Mich. 548. In that case a husband took out a policy covering, with other property, certain silverware belonging to his wife. It did not appear that the husband was in possession of this property, or had any interest whatever in it. The court held that the policy, as to this property, was a mere wagering contract, for the reason that the insured had no insurable interest whatever in it.

Also *Sweeny v. The Franklin Fire Ins. Co.*, 20 Pa. St. 337, decided in 1853. The facts in such case pertinent to the question before us were: a company entered upon land belonging to the state of Delaware, erected their house there without any shadow of title, or even of license, general or special. The court held that assuming the assured to have the whole title of the company, it was a mere intruder's title, and that such an interest was not an insurable interest. If

following such case required a ruling that in the case before us there was no insurable interest, we should decline to follow it, because such a conclusion upon the facts before us would be against the weight of authority and against authorities approved by this court. *Ins. Co. v. Allis Co., supra.*

In *Seaman v. Enterprise F. & M. Ins. Co.*, 18 Fed. 250, the court says: " It is sufficient to say that the tendency of the modern adjudications on the subject is in the direction of holding an insurance company responsible in every case where the insured has any such interest in the subject-matter of the insurance as would subject him to pecuniary damage or loss in the event of its destruction."

II.   Does the fact that the building insured was on ground not owned by the assured in fee simple avoid the policy ?

There was evidence sufficient to go to the jury that the insured informed the agent of the condition of his title before the policy was written.   The jury in answering a special interrogatory found that the agent of the company was advised of the condition of the title of assured when the policy was written.   We accept this finding as true.   The company, therefore, knew at the time this policy was written, the condition of the title of the land upon which the building was situated.   Will this knowledge operate as a waiver of the following condition of the policy ?   " This entire policy, unless otherwise provided by agreement indorsed hereon, or added hereto shall be void * * * if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple."

In *Wich v. Equitable F. & M. Ins. Co.*, 2 Colo. App. 488, the defendant contended that the violation of the condition, " If the interest of the insured be other than unconditional and sole ownership, or not owned by the insured in fee simple * * * then the policy shall be void," would avoid the policy. The court held :. " If the interest of the assured is incorrectly stated in the policy through the mistake or wrongful act of the defendant's agent to whom the application was made,

the facts being truly and fully stated to him * * * this would be an answer to a plea setting up a breach of the condition as to the statement of the interest and ownership of the assured." Citing with approval *Brown v. Commercial Fire Insurance Company*, 86 Ala. 189, in which case the policy contained this condition: "This policy shall become void unless consent, in writing, is indorsed by the company hereon, in each of the following instances, viz: if the assured is not the sole and unconditional owner of the property; or if any building intended to be insured stands on the ground not owned in fee simple by the assured." And the court held, "It is contended, that the replications sufficiently aver and set up that the assured disclosed at the time of the making of the application for insurance, to the agent of the defendant, all the facts and circumstances connected with his title, ownership and interest in the property. If such be the effect of the replications properly interpreted, they would show a waiver of the condition, and constitute a full answer to the plea. If the assured fully and truly disclosed his interest and ownership to an agent of the defendant * * * the company will not be permitted to take advantage of an oversight or wrongful act of its own agent to avoid the policy."

In *State Ins. Co. v. Taylor*, 14 Colo. 509, it was contended that the policy was avoided by the assured keeping a boarding house in violation of a provision of the policy. The court overruled such defense upon the ground that the agent of the company knew at the time the policy was written that the house was so kept.

Applying the law, as so announced, to the facts, as found by the jury, the company waived the condition in the policy, requiring ownership in fee of the land upon which the insured building was situate.

III. Appellee contends that a failure to appraise the property destroyed, works an abatement of this action. This condition of the policy was waived by an absolute denial of any liability upon the policy. The *Helvetia Swift F. Ins. Co. v.*

*Allis Co.*, 11 Colo. App. 264; *California Ins. Co. v. Gracey*, 15 Colo. 70.

The judgment is affirmed.

*Affirmed.*