**Jerry WEBB and Diane Webb, Plaintiffs–Appellees,**

**United Bank of Steamboat Springs, a Colorado Corporation, Involuntary Plaintiff–Appellee,**

v.

**M.F.A. MUTUAL INSURANCE COMPANY, a foreign insurance company doing business in the State of Colorado, Defendant–Appellant.**

No. 79CA0803.

Colorado Court of Appeals, Div. I.

April 17, 1980.

Rehearing Denied May 15, 1980.

Certiorari Denied Sept. 8, 1980.

Ratcliffe & Chamberlin, Dean A. Link, Steamboat Springs, for plaintiffs–appellees.

Sharp & Black, P. C., Thomas R. Sharp, Steamboat Springs, for involuntary plaintiff–appellee.

Paul D. Renner, P. C., Paul D. Renner, Denver, for defendant–appellant.

KELLY, Judge.

Jerry and Diane Webb instituted this action for recovery under an automobile insurance policy issued by M.F.A. Mutual Insurance Company. M.F.A. appeals the trial court's judgment in favor of the Webbs, contending that they had no insurable interest in the vehicle because it had been stolen prior to the Webbs' purchase. We affirm.

The parties stipulated that the Webbs purchased the truck for $6,500 without knowledge that it had previously been stolen. The seller delivered a certificate of title with an identification number matching that number on the door of the truck. The Webbs applied for and received a certificate of title in their names and turned it over to the first lien holder, United Bank of Steamboat Springs, an involuntary plaintiff in this action. The Webbs then entered into an insurance contract with M.F.A. including theft coverage on the truck.

The truck was stolen from the Webbs' residence and they filed a claim under their policy with M.F.A. Sometime following the theft, they learned that the truck had been stolen prior to their purchase, and that the identification number belonged to a similar vehicle which had been junked. For this reason M.F.A. denied their claim.

M.F.A. contended in the trial court, and argues here, that a bona fide purchaser has no insurable interest in a vehicle which is found to have been stolen before the purchase. We disagree.

■ Section 10–1–102(6), C.R.S.1973, provides that an insurable interest "means every interest in property or any relation thereto, or liability in respect thereof, of such a nature that a contemplated peril might directly damnify the insured." An insurable interest is not dependent upon the completeness or the validity of the title by which the property is held; a limited or qualified interest is enough. *Helvetia Swiss Fire Insurance Co. v. Edward P. Allis Co.,* 11 Colo.App. 264, 53 P. 242 (1898). A defect in the title of the insured to the property does not deprive the insured of an insurable interest if he is in possession and use of the property under a bona fide claim of title. *See American Central Insurance Co. v. Donlon,* 16 Colo.App. 416, 66 P. 249 (1901).

■ However, whether this rule applies where the property is a stolen motor vehicle has not been addressed in Colorado. The jurisdictions which have addressed the issue are divided over the result. We are persuaded by the reasoning of those jurisdictions which have held that a subsequent bona fide purchaser of a stolen motor vehicle has title and the right to possession of the vehicle against the whole world except the rightful owner, and that this constitutes an insurable interest. *See, e. g., Barnett v. London Assurance Corp.,* 138 Wash. 673, 245 P. 3 (1926).[1]

■ M.F.A. argues, however, that the plaintiffs have no bona fide claim of title because they failed to comply with the Certificate of Title Act, since the identification

---

1. *Accord, Skaff v. United States Fidelity & Guarantee Co.,* 215 So.2d 35 (Fla.App.1968); *Reznick v. Home Insurance Co.,* 45 Ill.App.3d 1058, 4 Ill.Dec. 525, 360 N.E.2d 461 (1977); *Savarese v. Hartford Fire Insurance Co.,* 99 N.J.L. 435, 123 A. 763 (E&A 1924); *Scarola v. Insurance Company of North America,* 31 N.Y.2d 411, 340 N.Y.S.2d 630, 292 N.E.2d 776 (1972); *Treit v. Oregon Automobile Insurance Co.,* 262 Or. 549, 499 P.2d 335 (1972); *Duncan v. State Farm Fire & Casualty Co.,* 587 S.W.2d 375 (Tenn.1979). *Contra, Southern Farmers Mutual Insurance Co. v. Motor Finance Co.,* 215 Ark. 601, 222 S.W.2d 981 (1949); *Herrington v. American Security Insurance Co.,* 124 Ga.App. 617, 184 S.E.2d 673 (1971); *Hessen v. Iowa Automobile Mutual Insurance Co.,* 195 Iowa 141, 190 N.W. 150 (1922); *Horton v. State Farm Fire & Casualty Co.,* 550 S.W.2d 806 (Mo.Ct.App.1977); *Ernie Miller Pontiac v. Home Insurance Co.,* 534 P.2d 1 (Okla.S.Ct. 1975). *See also* Annot., 33 A.L.R.3d 1417.

number submitted to the Division of Motor Vehicles was not the number placed upon the motor vehicle by the manufacturer. *See* § 42–6–142, C.R.S.1973. The Webbs, as purchasers, could not, therefore, acquire "any right, title or interest" in the truck. *See* § 42–6–108, C.R.S.1973. Consequently, according to M.F.A., the Webbs could not have an insurable interest. We disagree.

One purpose of the Act is to insure that purchasers of motor vehicles can readily and reliably ascertain the status of the seller's title. *Guy Martin Buick v. Colorado Springs National Bank*, 184 Colo. 166, 519 P.2d 354 (1974). Here, the Webbs complied with the statute by obtaining the certificate of title from the transferor and receiving a certificate of title in their names. Nothing in the Act indicates a legislative intent to penalize purchasers, who do everything they can to comply with its provisions, but for whom the statutory protection fails.

We have reviewed M.F.A.'s other arguments and find them to be without merit.

Judgment affirmed.

COYTE and SMITH, JJ., concur.