Rodney **MOHL**, **Mildred Mohl, and Foremost Insurance Company, Plaintiffs,**

v.

**NTC OF AMERICA, INC., a/k/a National Trailer Convoy, Inc., Defendant.**

No. 82–K–449.

United States District Court, D. Colorado.

Nov. 29, 1982.

---

Patrick J. McDivitt, Jones, Meiklejohn, Kehl & Lyons, Denver, Colo., for plaintiffs.

Kevin J. Kuhn, Montgomery Little Young Campbell & McGrew, P.C., Englewood, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Plaintiffs have filed a motion for partial summary judgment under Rule 56, F.R. Civ.P. or, in the alternative, to strike defendant NTC of America, Inc.'s 12th affirmative defense. The 12th affirmative defense says:

"The liability, if any, of Defendant is limited by the agreement of the parties, and/or the value declared by the Plaintiff, as provided in 49 U.S.C. § 10730."

In this action under the Interstate Commerce Act, 49 U.S.C. § 11707, plaintiff Foremost and defendant NTC each seek to protect themselves from liability for the damage caused to the Mohl's mobile home. Plaintiffs argue the "benefit of insurance" clause in the bill of lading and the conflicting terms in the insurance policy require a ruling that plaintiff Foremost is entitled to subrogation against defendant for the amount paid on the claim. Defendant asserts that although there was a "benefit of insurance" clause, there was no "benefit to bailee" clause. Defendant contends that Foremost is in the business of insuring mobile homes and if it fails to draft a statement specifically denying the benefit of insurance to carriers it places itself in a position in which it is estopped to deny the benefit of insurance to NTC. While plaintiffs argue that there are no disputed issues of material fact, defendant finds a disputed issue of whether Foremost insured and paid on a loss that may have been the responsibility of NTC. This court has subject matter jurisdiction under 28 U.S.C. § 1337.

Plaintiffs Mohl allege in their complaint that on September 4, 1980, defendant took plaintiffs' double-wide mobile home trailer from their address in Aurora, Colorado, for transportation in interstate commerce to Williston, North Dakota. The mobile home was transported in two parts, and while in transit was extensively damaged. Plaintiffs were compensated in part for the damage by the insurer, Foremost, but bring this action against NTC for damages in excess of the amount they received. Foremost, who was added as a plaintiff July 9, 1982,

seeks recovery from defendant under its right of subrogation and asserts that a provision in the bill of lading and tariff giving defendant the benefit of the Mohl's insurance prevents recovery by NTC. The facts of this action are undisputed. The ultimate question for this court to decide is who will bear the liability of the loss.

Section 2(c) of the bill of lading, the "benefit of insurance clause," says:

"Any carrier or party liable on account of loss or damage to any of said property shall have the full benefit of any insurance that may have been effected upon or on account of said property so far as this shall not avoid the policies or contracts of insurance; provided that the carrier reimburse the claimant for the premium paid thereon."

The policy of insurance between Foremost and the Mohls says, on page 32:

"Neither you nor any one we insure in this policy has the right to do anything to prejudice our right."

Plaintiff says the benefit of insurance clause is valid only if it does not avoid the policy of insurance held by the shipper (the Mohls). Plaintiff further argues that the insurance policy would be avoided if Foremost was denied its right to subrogation. Defendant argues that the insurer, Foremost, did not take sufficient steps to protect its rights and has no right to subrogation.

■ The general rule is that an insurer, on paying a loss, is subrogated in a corresponding amount to the insured's right of action against any other person responsible for the loss. The insurer succeeds only to the rights and remedies possessed by the insured and, until the insurer has paid the claim under the policy, no right of subrogation accrues to it. This right of subrogation does not arise out of nor does it depend on any contractual relation or privity between the insurer and the third party. The right

of subrogation is a derivative one and comes solely from the assured. It can only be enforced in his right. If the insured has no right which he can transfer to the insurer, then the insurer can have no subrogation and cannot enforce the liability.

There is no Colorado or Tenth Circuit law on point and there is surprisingly little precedent elsewhere. I look to the law of the Seventh Circuit, Wisconsin and Iowa, all of which have addressed similar issues.

■ Each side argues that the cases of *U.S. v. Auto Driveaway Co.*, 464 F.2d 1380 (7th Cir.1972), 89 Wis.2d 255, 278 N.W.2d 262 (1979) support its position. In both cases the courts were confronted with a "benefit of insurance" clause. The Seventh Circuit held that a "benefit of insurance" clause does not violate the prohibitions of 49 U.S.C. § 11707[1] and was not an attempt by the defendant to exempt itself from liability but "[t]he clause permits the [defendant] to recover from the customer the proceeds of the insurance paid him."[2] The provisions in the bill of lading in these cases are nearly identical to the clause in the instant action. Section 11707(c)(1) of Title 49 prohibits a common carrier from limiting its liability or exempting itself from liability by a tariff or bill of lading provision.[3] If defendant has attempted to limit or exempt itself from liability by this bill of lading, the provision is void under the statute. I hold that this "benefit of insurance" clause does not violate § 11707.

■ In the case of *Hartford Fire Ins. Co. v. Payne*, 203 N.W. 4, 199 Iowa 1008 (1925), the Iowa Supreme Court held that a carrier is not subrogated to the shipper's rights against the insurer, under the bill of lading, where the shipper's policy provided for no liability if the bills of lading contained subrogation provisions in a case similar to the one at bar. The annotation at 39 A.L.R. 1109 goes into a detailed discussion and

---

1. *U.S. v. Auto Driveaway, supra* and *Travelers v. Auto Driveaway, supra* were brought under the predecessor statute, 49 U.S.C. § 20(11).

2. 464 F.2d at 1383.

3. The definition of a common carrier is found at 49 U.S.C. § 10102. There is no dispute between the parties that defendant is a common carrier.

analysis of "benefit of insurance" clauses in bills of lading coupled with a provision in the insurance policy which prohibits the insured from doing anything that would defeat or decrease any right of subrogation of the insurer. The insurance policy provision in *Payne, supra* said:

"It is also agreed that the assured in claiming and accepting payment for any loss or damage under this policy thereby and by that action assigns and transfers to this company all right to claims for such loss and/or damage against any person or persons, vessel, town, or corporation, or any government, and shall prosecute therefor at the charge of and for the amount of this company, if requested; the sum recovered to inure to the benefit of this company, to the extent, however, only of the amount of the loss or damage and the attendant expenses of recovery paid and incurred by this company. . . . Failure to do so, or any act of the assured, whether before or after a loss, waiving or transferring or tending to defeat or decrease any such claim against any person or persons, vessel, town, or other corporation, or any government, shall be deemed a violation of the terms of this contract, and shall void the contract as to any shipment or shipments of live stock concerning which such act of the assured may have been performed."

There the court concluded:

"When it [the insurer] contracts, therefore, that its undertaking of insurance shall be void if the insurer (sic) does anything that operates to deprive it of the right, upon paying the loss, to be subrogated to the rights of the shipper and to recover against one whose act or omission caused the loss, a contract between the shipper and carrier that gives the latter the benefit of the insurance voids the contract of insurance for the shipper, and is ineffectual to secure the benefit of insurance to the carrier; that is to say, the carrier can have no benefit of insurance when there is no valid insurance, and there is no valid insurance when the assured has done a thing which

he has expressly stipulated would invalidate it." (citations omitted)

and continued:

"That paragraph provides that the carrier shall have the full benefit of any insurance that may be affected on the shipment, 'so far as this shall not avoid the policies of contract of insurance.' The effect of giving to the carrier the benefit of the insurance is, as we have seen, to destroy any right of subrogation in the insurer, but the destruction of the right of subrogation invalidates the insurance under the instant policy. This provision of the shipping contract does not give to the carrier the benefit of all valid insurance, but only the benefit of all insurance that would not be rendered invalid by the destruction of the right of subrogation, and gives the carrier no benefit of insurance when to do so would render the insurance invalid. The clause in question speaks of a contingency, not of a result accomplished. If to apply the provision giving the carrier the benefit of the insurance would render the insurance invalid, it is not to be applied, and the insurance contract is not invalidated; but if to apply it would not render the insurance invalid, then it is to be applied, and the carrier is entitled to the benefit of the insurance. That insurance might be procured by the destruction of the insurer's right of subrogation is clear, and the carrier, under this provision, would be entitled to the benefit of such insurance; but the provision does not give the carrier the benefit of insurance, when to do so would, under the terms of the contract of insurance, invalidate the insurance." 203 N.W. at 6.

This reasoning has been followed by the California courts in *Mode O'Day v. Ringsby Truck Lines, Inc.,* 100 Cal.App.2d 748, 224 P.2d 368 (1950), and I think it would be followed by the Colorado courts. See also, *Adams v. Hartford Fire Ins. Co.,* 193 Iowa 1027, 188 N.W. 823, 24 A.L.R. 182 (1922). Therefore, the motion for partial summary judgment or, in the alternative, motion to strike the 12th affirmative defense of defendant is granted.