**COLORADO FARM BUREAU MUTUAL INSURANCE COMPANY, a Colorado corporation, Plaintiff,**

**v.**

**CAT CONTINENTAL, INC., a Texas corporation, Defendant.**

**Civ. A. No. 85–K–2260.**

United States District Court, D. Colorado.

Dec. 11, 1986.

John Gehlhausen, Lamar, Colo., for plaintiff.

Eugene S. Hames, Wood, Ris & Hames, P.C., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

### BACKGROUND

Colorado Farm Bureau has filed this product liability action[1] as the subrogee of

---

**1.** Jurisdiction lies under 28 U.S.C. § 1332.

its insured, Pelco, Inc. The insured is a closely held family corporation, with Dean Pelton serving as its president.

The complaint alleges claims for strict liability, negligence, and breach of warranty arising from destruction by fire of an oil truck manufactured by defendant CAT. Pelco used this truck in its hot oil service business. The truck's certificate of title, however, was in Dean Pelton's name.

CAT has filed a motion for summary judgment on two separate grounds. CAT first contends Colorado Farm Bureau cannot maintain this action because Pelco has no insurable interest in the truck. CAT next argues Colorado Farm Bureau's status as Pelco's subrogee precludes any claim for punitive damages. I will address each ground in turn.

### STANDARDS FOR DECISION

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In determining the existence of any genuine issue of material fact, the record is construed in the light most favorable to the party opposing the motion. *Otteson v. United States*, 622 F.2d 516, 519 (10th Cir.1980). However, the adverse party "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

### INSURABLE INTEREST

In Colorado, an insurable interest in property is defined as "every interest in property or any relation thereto, or liability in respect thereof, of such a nature that a

contemplated peril might directly damnify the insured." Colo.Rev.Stat. § 10–1–102(6). This statute is obviously broadly worded. While I have not discovered a Colorado case on all fours with the instant situation, the reported cases follow the lead of the statutory language by construing insurable property interests in an inclusive manner. For instance, in *Webb v. M.F.A. Mutual Insurance Company,* 44 Colo.App. 210, 620 P.2d 38 (1980), *cert. denied* September 8, 1980, the court of appeals stated "[a]n insurable interest is not dependent upon the completeness or the validity of the title by which the property is held; a limited or qualified interest is enough." *Id.,* 620 P.2d at 39, citing *Helvetia Swiss Fire Insurance Co. v. Edward P. Allis Co.,* 11 Colo.App. 264, 53 P. 242 (1898).

In light of this case law, CAT concedes "it is not necessary to prove complete ownership of perfect title in order to establish an insurable interest in personal property." CAT's brief, at 3. However, CAT avers the necessity of a good faith claim of ownership by the insured. *Id.* CAT claims Dean Pelton, as the sole truck owner of record, is the only party who can make a good faith ownership claim. CAT submits Pelton, and not Pelco, is the only party with an insurable interest. Therefore Colorado Farm Bureau has not acquired any rights against CAT. *Id.* at 5.

In defense of its suit, Colorado Farm Bureau more specifically directs me to some of the particular facts in the case. Title to the truck was in Pelton's name because the truck was purchased prior to the date of Pelco's incorporation. Pelton Deposition at 45. Pelton intended to have Pelco own the truck, but he overlooked the necessary transfer of title. *Id.* Pelco payed for the truck's financing. *Id.*

CAT asks me to take an unduly restrictive view of the significance posed by a vehicle certificate of title. Such a certificate is only "prima facie evidence of all the matters therein contained and that the person in whose name said certificate is registered is the lawful owner of the vehicle therein described." Colo.Rev.Stat. § 42–6–107. The certificate of title does not present conclusive proof of ownership. *See, e.g., Waggoner v. Wilson,* 31 Colo. App. 518, 507 P.2d 482, 484–485 (1972) (delivery of possession of car without transfer of title may constitute transfer of ownership in context of sale of car); *McCall v. Roper,* 32 Colo.App. 352, 511 P.2d 541, 544 (1973) (nondelivery of certificate of title does not necessarily prevent change of ownership in family car doctrine case). Thus, the prima facie evidence may be overcome by other evidence stemming from the particular facts and circumstances of the case. *See, e.g., Federico v. Universal C.I.T. Credit Corporation,* 140 Colo. 145, 148, 343 P.2d 830 (1959).

In the case at bar, the question of ownership presents an unresolved genuine issue of material fact. On the basis of the record before me, only two conclusive undisputed facts exist on the issue of ownership: (1) title stands in Dean Pelton's name, and (2) Pelco financed the truck for use in the family business. These two facts provide an incomplete picture of the facts which could bear on the question of ownership.[2] In view of the standards governing my disposition of this motion, I cannot grant summary judgment on such a sketchy foundation.

### SUBROGEE'S CLAIM FOR PUNITIVE DAMAGES

Each claim for relief in Colorado Farm Bureau's complaint contains a request for the imposition of exemplary damages under Colo.Rev.Stat. § 13–21–102. CAT contends plaintiff's damages must be limited "to the amount paid under its insurance contract." Defendant's Brief at 6. Plaintiff has incurred approximately $118,000 of expenses on the truck. Complaint, at 2. The actual cash value of the truck at the

---

2. Other conceivable pertinent facts might be: the source of insurance premium payments, whether Pelco or Pelton paid for repairs, gasoline, and other maintenance costs, whether Pelco took a business expense deduction on the truck, and whether Pelco depreciated the truck.

**52**

time of its loss was about $122,000. *Id.* at 1.

 "The general rule is that an insurer, on paying a loss, is subrogated in a corresponding amount to the insured's right of action against any other person responsible for the loss." *Mohl v. NTC of America, Inc.*, 564 F.Supp. 401, 403 (D.Colo.1982). The subrogee cannot acquire any rights beyond those enjoyed by the subrogor because the subrogee's status is derivative. *Marquez v. Prudential Property & Casualty Ins. Co.*, 620 P.2d 29, 33 (Colo.1980).

Because subrogation does not attach until the insurer has paid its insured, the insurer "is not entitled to be subrogated to rights which are held to enforce payment of other sums which remain unpaid." *United States v. Gisi*, 213 F.Supp. 616, 618 (D.Colo.1962). Thus "a subrogee is entitled to indemnity only to the extent of the money actually paid to discharge the obligation." *Colonial Penn Insurance Co. v. Ford*, 172 N.J.Super. 242, 411 A.2d 736, 737 (1979). *Accord, Maryland Casualty Company v. Brown*, 321 F.Supp. 309, 312 (N.D. Ga.1971) [3]; *Bituminous Fire & Marine Insurance Co. v. Culligan Fyrprotexion, Inc.*, 437 N.E.2d 1360, 1371 (Ind.App.1982); *DeCespedes v. Prudence Mutual Casualty Company of Chicago*, 193 So.2d 224, 227 (Fla.Dist.Ct.App.1966), *affirmed*, 202 So.2d 561 (Fla.1967).

 Here, Colorado Farm Bureau has paid out approximately $118,000 in claims. Plaintiff is entitled to indemnification from CAT only to the extent of that amount. Since the $118,000 represents the same general value as the truck at the time of its destruction, none of the payments made by plaintiff could possibly represent punitive damages. Therefore, the motion for summary judgment will be granted on this ground.

IT IS ORDERED that defendant's motion for summary judgment is denied in part and granted in part. Specifically, the

motion is denied except on the claims for punitive damages.

---

**3.** Colorado Farm Bureau attempts to distinguish *Maryland* on the basis that the court's decision turned on the application of Georgia law. Plaintiff has misconstrued the case. The court

noted the nonassignability of punitive damages under Georgia law as an additional but separate basis for its decision.