## Gureghian v. Autobahn Motor Cars

*Jeffrey M. Azpell,* for plaintiff.

*Donald M. Grimes,* for defendant Metropolitan Insurance Co.

LAWHORNE, *J.,* May 31, 1989 — The matter presently before this court for consideration arises from cross-motions for summary judgment filed by appellant, Gureghian and appellee, Metropolitan Insurance Company, based upon agreed stipulated facts.

In May 1984, Gureghian bought what turned out to be a stolen car. He immediately added this car to an existing automobile policy with Metropolitan. Two months later, the vehicle was confiscated by police as being stolen and title was later confirmed in the insurance carrier for the rightful owner. Appellant made claim for the loss as "confiscated." Appellee denied coverage on the basis that confiscation does not constitute a loss under the terms of the policy and, additionally, that Gureghian never could acquire an insurable interest in a stolen car.

This court entered judgment for Metropolitan, and it is from this judgment that the instant appeal lies. Still outstanding is a claim by Gureghian against Autobahn Motor Cars, which organization was somehow involved in getting the title of the car transferred to Gureghian in the first place.

In the case of *Shockley v. Harleysville,* 381 Pa. Super. 287, 553 A.2d 973 (1988), the question of the insurable interest of the possessor of a stolen car was squarely met. The plaintiff there had purchased a car from a dealer, insured it and then had loss by fire. The court followed *Luchansky v. Farmers Fire Insurance Co.,* 357 Pa. Super. 136, 515 A.2d 598 (1986), which had recited the generally accepted rule that anyone who will derive pecuniary benefit or gain from the preservation or continued existence of the property or who will suffer pecuniary loss from its destruction has an insurable interest. "Having perfect legal title is not necessary. Clearly under the authority appellant had an insurable interest in the vehicle." *Shockley, supra.* Therefore, the defense of lack of insurable interest is not available to the defendant in the instant action.

Where the language in the policy of insurance is clear and unambiguous, that is, it uses words with common meanings which are clearly displayed, a court is to give effect to that language. *Standard Venetian Blind Co. v. American Empire Insurance Co.,* 503 Pa. 300, 469 A.2d 563 (1983).

The declaration page which is attached to plaintiff's complaint as well as to the stipulated facts lists two vehicles. As to loss to cover automobiles, there are two separate identifications of areas of coverage which include "collision" as well as a second area of loss indicated as "other than collision." The policy which is attached to the stipulated facts reveals at page 7 what is to be considered to be a loss "other than collision." There are 10 specifically enumerated items of coverage which are as follows:

(1) missiles or fallen objects;
(2) fire;
(3) theft or larceny;
(4) explosion or earthquake;

(5) windstorm;

(6) hail, water or flood;

(7) malicious mischief or vandalism;

(8) riot or civil commotion;

(9) contact with bird or animal; or

(10) breakage of glass.

The policy clearly is not intended to be an all-risk policy but instead, specifically enumerates those perils other than collision which are covered. Additionally, "loss means direct and accidental loss or damage." None of the losses enumerated are applicable with the possible exception of number 3, theft or larceny.

The American College Dictionary defines *theft* as "the act of stealing; the wrongful taking and carrying away of the personal goods of another; larceny." Further, *larceny* is defined as "the wrongful taking and carrying away of the personal goods of another from his possession with intent to convert them to the taker's own use." Title 18 of the Pennsylvania Crimes Code, section 3921(a), defines the offense of theft by unlawful taking or disposition as "movable property — a person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." The act of the state police in confiscating the stolen vehicle does not comport with the definitional requirements either from the common use as indicated in the dictionary nor from the Pennsylvania Crimes Code. The confiscation by the Pennsylvania state police was lawful taking. Plaintiff's loss occurred here when he engaged in a transaction and purchased a vehicle, the title of which he was unable to ever obtain. In asking for coverage, plaintiff is seeking what amounts to title insurance. His protection is the warranty of title from the seller, not his automobile insurance policy.

In *Shockley, supra,* the question before the court was whether the carrier must provide fire coverage on the stolen car and this was answered in the affirmative. However, in dicta, the court considered the question now at hand and by strong inference indicated that coverage would not be found:

"We hardly believe that appellee would have provided any kind of coverage had appellant suffered a loss related to a lack of good title. For instance, had the stolen nature of appellant's vehicle been discovered and the vehicle repossessed by its owner, appellant would have suffered a title-related loss. Had appellee paid for this loss, then it would have had a equitable right or subrogation right to monies received from appellant's breach of warranty of title action against Tornetta. We are rather skeptical that appellee would have paid such a claim by appellant. We further suspect that appellee would have vehemently argued that coverage did not apply for such a loss under the policy." *Shockley, supra.*

This precise legal question is novel in this commonwealth. It has arisen in a number of other jurisdictions and results have been split with some courts finding coverage: *Reznick v. Home Insurance Co.,* 45 Ill. App. 3d 1058, 360 N.E.2d 461 (1977); *Duncan v. State Farm Fire and Casualty,* 587 S.W.2d 375 (Tenn. 1979); *Phillips v. Cincinnati Insurance Co.,* 398 N.E.2d 564 (Ohio 1979); *Butler v. Farmer's Insurance Co. of Arizona,* 126 Ariz. 371, 616 P.2d 46 (1980); *Scarola v. Insurance Co. of North America,* 31 N.Y.2d 41, 340 N.Y.S.2d 636, 292 N.E.2d 776 (1972); *Webb v. MFA Mutual Insurance Co.,* 44 Colo. App. 210, 620 P.2d 38 (1980). Other courts have found that there was no coverage: *Hubbell v. Farmer's Insurance Group,* 200 Neb. 472, 263 N.E.2d 863 (1978); *Raff v. Farm Bureau Insurance Co.,* 181 Neb. 444, 149 N.E.2d

·54 (1967); *Jackson v. Teacher's Insurance Co.,* 30 Cal. App. 3d 341, 106 Cal. Rep. 208 (1973); *Bohnen International Inc. v. Liberty Mutual Insurance Co.,* 120 Ill. App. 3d 657, 458 N.E.2d 644 (1983). This court believes that the logical position is that of the insurance company which could not have anticipated that it was writing coverage for loss sustained as a result of confiscation of a stolen car by the state police, the loss having actually been incurred by the insured before he placed the policy.

For all of these reasons, judgment was entered in favor of Metropolitan and against Gureghian.