840 F.Supp. 811 (1994)
Gloria KUNZ, Plaintiff,
v.
COLORADO ASSOCIATION OF SOIL CONSERVATION DISTRICTS MEDICAL BENEFITS PLAN, and Associated Health Care Administrators, Inc., Defendants.
Civ. A. No. 92-B-534.
United States District Court, D. Colorado.
January 11, 1994.
*812 Steven B. Epstein, Haligman and Lottner, P.C., Englewood, CO, for plaintiff.
Timothy J. Parsons, David B. Seserman, Dean C. Heizer, Gorsuch, Kirgis, Campbell, Walker and Grover, Denver, CO, for defendants.

MEMORANDUM OPINION AND ORDER
BABCOCK, District Judge.
Defendant Associated Health Care Administrators, Inc. (AHCAI) moves pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss plaintiff Gloria Kunz's (Kunz) claims against AHCAI. Kunz moves pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss defendant Colorado Association of Soil Conservation Districts Medical Benefit Plan's (PLAN) counterclaim brought pursuant to the PLAN's subrogation provisions. Jurisdiction is proper under 28 U.S.C. § 1331 and 1337. These motions are adequately briefed and oral argument will not materially aid their resolution. For the reasons set forth below, AHCAI's motion will be granted, and Kunz's motion will be denied.
In my July 16, 1993 order, I granted the defendants' motion for summary judgment on the grounds that all of Kunz's claims in her original complaint were state law claims which were preempted by ERISA, 29 U.S.C. § 1144. However, I granted Kunz's request to file an amended complaint so that she could assert "a proper ERISA claim against the proper parties". Order at p. 3, § 2.

II.
For the purposes of a Rule 12(b)(6) motion to dismiss, I accept all factual allegations as true and resolve all reasonable inferences in favor of the plaintiff. Tri-Crown, Inc. v. American Federal Sav. & Loan Ass'n, 908 F.2d 578, 582 (10th Cir.1990). Dismissal is proper only when it appears beyond doubt that no set of facts will support a plaintiff's right to relief. Gregory v. U.S./U.S. Bankruptcy Court for Dist. of Colorado, 942 F.2d 1498, 1500 (10th Cir.1991), cert. denied, ___ U.S. ___, 112 S.Ct. 2276, 119 L.Ed.2d 202 (1992).

III.
In her amended complaint, Kunz seeks relief against AHCAI pursuant to 29 U.S.C. § 1132(a)(1)(B) of ERISA. Kunz requests a judgment for the amount of the benefits allegedly denied to her along with accrued interest. See, Amended Complaint, "Wherefore" ¶. In relevant part, 29 U.S.C. § 1132(a)(1)(B) provides:
A civil action may be brought 
1) by a participant ...
B) to recover benefits due to him under the terms of his plan, to enforce his right under the terms of the plan ...
AHCAI is the PLAN'S third-party administrator as defined by section 3(16) of ERISA, 29 U.S.C. § 1002(16).
ERISA provisions providing for recovery against the `plan' cannot be used to recover against the `plan administrator' because `the terms `plan' and `plan administrator' refer to two entirely distinct actors ... [and] are terms of art'.
Walter v. International Ass'n of Machinists Pension Fund, 949 F.2d 310, 315 (10th Cir. 1991) (quoting Groves v. Modified Retirement Plan for Hourly Paid Employees of the Johns Manville Corporation and Subsidiaries, 803 F.2d 109, 116 (3rd. Cir.1986)). Accordingly, AHCAI and the PLAN are separate entities. Section 1132(a)(1)(B) contains no provision which would entitle Kunz to recover from any entity other than the PLAN for the alleged non-payment of benefits. Therefore, as a matter of law, Kunz can not sustain a claim against ACHCAI pursuant *813 to 29 U.S.C. § 1132(a)(1)(B) for recovery of such benefits.
Furthermore, Kunz does not allege that AHCAI is a "fiduciary" as defined by section 3(21) of ERISA, 29 U.S.C. § 1002(21). However, if even AHCAI were a "fiduciary", Kunz would still be precluded from recovering the money judgment which she seeks here. See, Walter, 949 F.2d at 317 (Under § 1109, a fiduciary who breaches his fiduciary duty is liable to the Plannot to the beneficiaries individually). On the other hand, assuming AHCAI is not a "fiduciary", Kunz is still unable to recover a money judgment from AHCAI. Mertens v. Hewitt Assoc., ___ U.S. ___, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993) (ERISA does not authorize suits for money damages against non-fiduciaries who knowingly participate in a fiduciary's breach of his fiduciary duty); see also, Lafoy v. HMO Colorado, 988 F.2d 97, 99-100 (10th Cir.1993) (no recovery of extra-contractual damages is available under 29 U.S.C. § 1132(a)(3)(B)).
Moreover, Kunz's amended complaint does not allege nor infer that the administrator refused to comply with a request for any information which such administrator was required to furnish to the participant. 29 U.S.C. § 1132(c). Therefore, 29 U.S.C. § 1132(a)(1)(A), which authorizes a "participant" to sue an "administrator" for the relief provided in § 1132(c), is inapplicable here.
Because ERISA fails to provide a cause of action against AHCAI for the relief that Kunz seeks in this case, the claims asserted against AHCAI will be dismissed with prejudice pursuant to Fed.R.Civ.P. 12(b)(6).

IV.
Kunz moves to dismiss the PLAN's subrogation counterclaim on the grounds that the PLAN is not entitled to subrogation because it has not paid the benefits to which Kunz contends she is entitled, and ERISA preempts the counterclaim. It is undisputed that the PLAN contains a subrogation provision.
Kunz relies on Mohl v. NTC of America, Inc., 564 F.Supp. 401 (D.Colo.1982) in which a shipper's insurer sought recovery from a carrier under right of subrogation. Kunz's reliance is misplaced because Mohl did not involve an ERISA claim. Although uncontrolling, Harmond v. Teamsters Joint Council No. 83 of Virginia Health and Welfare Fund, 795 F.Supp. 783 (E.D.Va.1992), affirmed, 1 F.3d 1233 (4th Cir.1993) is persuasive, because like this case, it addresses an ERISA claim and contractual subrogation rights.
In Harmond, the plaintiff was a participant in a health and welfare fund which had a subrogation provision in its plan. Id. at 787. There, plaintiff was injured in an auto accident and submitted a claim for payment of medical expenses to the fund. Id. at 786. The fund refused to make payment contending that because the plaintiff had received a $100,000 recovery from his own automobile insurance company, the fund was subrogated to those proceeds. Id. The fund denied the plaintiff benefits and he, like Kunz, sued under 29 U.S.C. § 1132(a)(1)(B). The court held that the fund was entitled to subrogation against participant's uninsured motorist coverage, Id. at 789, notwithstanding the fund's initial refusal to pay the benefit claim.
In this case, Kunz alleges that she was a participant in the Plan when her injury occurred. See generally, Amended Complaint, ¶¶ 6, 7, 14, and 20. Assuming this fact to be true, the PLAN, as a matter of law, may be subrogated to Kunz's position and, thus, entitled to recover payments made by third-parties for Kunz's injury.
Furthermore, numerous courts have held that any state law which interferes with an ERISA-governed plan's enforcement of a subrogation provision is preempted by ERISA, and that subrogation provisions may be specifically enforced by ERISA plans. See, Provident Life and Acc. Ins. Co. v. Linthicum, 930 F.2d 14, 16 (8th Cir.1991), affirming, 743 F.Supp. 662 (W.D.Ark.1990) (subrogation claims under plan language are enforceable); Sargeant v. International Union of Operating Engineers, Local Union 478 Health Benefits and Ins. Fund, 746 F.Supp. 241 (D.Conn.1990) (enforcing ERISA and upholding plan's reimbursement counterclaim).
*814 Here, the PLAN's subrogation provisions may be enforceable in the event that Kunz was covered by the PLAN when she was injured. As a matter of law, ERISA does not preclude this counterclaim nor does the PLAN's refusal to pay Kunz's alleged unpaid benefits support the dismissal of this counterclaim. Consequently, Kunz's motion to dismiss the PLAN's subrogation counterclaim pursuant to Fed.R.Civ.P. 12(b)(6) will be denied.
Accordingly, IT IS ORDERED that:
(1) The claims asserted against AHCAI ARE DISMISSED with prejudice;
(2) AHCAI is awarded its reasonable attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1);
(3) Kunz's motion to dismiss the PLAN's counterclaim IS DENIED; and,
(4) The PLAN's request for attorney's fees and costs in defending this motion IS DENIED.