No. 79SA419

The People of the State of Colorado v. Robert Glenn Cameron

(613 P.2d 1312)

Decided July 28, 1980.

---

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Mary J. Mullarkey, Solicitor General, David K. Rees, Chief, Appeals Litigation Section, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Terri L. Brake, Deputy, for defendant-appellant.

*En Banc.*

JUSTICE ROVIRA delivered the opinion of the Court.

The defendant was initially charged in a five-count information with two counts of aggravated robbery,[1] one count of attempted first-degree murder,[2] and two counts of using a deadly weapon during the commission of a robbery.[3] Subsequently, an additional count charging first-degree assault[4] was filed, and, on motion of the district attorney, the attempted first-degree murder count was dismissed.

The defendant entered a plea of guilty on October 16, 1978, to the two counts of aggravated robbery and the one count of first-degree

---

[1] Section 18-4-302, C.R.S. 1973 (1978 Repl. Vol. 8).
[2] Sections 18-2-101 and 18-3-102, C.R.S. 1973 (1978 Repl. Vol. 8).
[3] Section 16-11-309, C.R.S. 1973 (1978 Repl. Vol. 8).
[4] Section 18-3-202, C.R.S. 1973 (1978 Repl. Vol. 8).

assault, and admitted that he had used a deadly weapon during the commission of the robberies.

On December 4, 1978, the trial court sentenced the defendant to concurrent terms of not less than 20 nor more than 25 years on each count of aggravated robbery and first-degree assault.

On appeal, the defendant claims that the sentences are excessive[5] and that he is entitled to re-sentencing under the presumptive sentencing provisions of the 1977 version of House Bill 1589.[6] We affirm the sentence entered by the trial court.

## I.

The defendant argues that the sentences are excessive because the trial court did not give proper consideration to the possibility of his rehabilitation and, further, that the sentences are so excessive that they deny any possibility of rehabilitation.

While it is true that rehabilitation is an important factor in determining the sentence to be imposed, it must be considered along with deterrence, punishment, and protection of society. *Triggs v. People,* 197 Colo. 229, 591 P.2d 1024 (1979); *People v. Duran,* 188 Colo. 207, 533 P.2d 1116 (1975).

As has been often stated, we should not modify the sentence unless it appears that the trial court has failed to give appropriate consideration to both the needs of the defendant and those of society. *People v. Strong,* 190 Colo. 189, 544 P.2d 966 (1976).

In an appellate review of a sentence, a careful perusal of the record is required, along with consideration of the factors set out in section 18-1-409, C.R.S. 1973 (1978 Repl. Vol. 8).

The offenses to which the defendant pled guilty were committed on May 18 and 19, 1978. On the earlier date, the defendant committed an aggravated robbery of the Dependable Cleaners in Lakewood, Colorado, and, on the latter date, he repeated the offense at the Your Valet Cleaners. During the second robbery, the defendant shot a clerk in the arm, resulting in her hospitilization for five days.

The record before the trial court at the time of sentencing consisted of: (1) two pre-sentence investigative reports — one dated November 20, 1978, prepared by the Second Judicial District probation department, and one dated November 28, 1978, prepared by the First Judicial District probation department; and (2) three reports from the Colorado State

---

[5] In the circumstances of this case, section 18-1-409, C.R.S. 1973 (1978 Repl. Vol. 8), provides for one appellate review of the propriety of the sentence having regard to the nature of the offense, the character of the offender, the public interest, and the manner in which the sentence was imposed.

[6] Colo. Sess. Laws 1977, ch. 216, 861-888. The defendant's appeal was transferred to this court from the court of appeals pursuant to sections 13-4-102(1)(b) and 13-4-110(1), C.R.S. 1973, because of constitutional issues raised with respect to the 1977 version of House Bill 1589.

Hospital dated 1967, 1975, and 1978.

A brief recitation of the defendant's criminal activities and the opportunities given to him for rehabilitation will be sufficient to demonstrate the propriety of the sentences entered by the trial court in this case.

The reports considered by the trial court indicate that the defendant had been convicted of or pled guilty to five felonies. In 1971, he entered a plea of guilty to a charge of burglary and was sentenced to an indeterminate to 10-year term at the Colorado State Reformatory. After serving nine months, he was granted parole, but the parole was revoked approximately one year later. He was again paroled, and, within six months, his parole was once more revoked.

In March 1974, the defendant entered a plea of guilty to a charge of first-degree criminal trespass. This offense occurred while he was on parole. In April 1974, he was sentenced to an indeterminate to 5-year term, to run consecutively with the sentence imposed with respect to his parole violation. In July 1974, while incarcerated at the Colorado State Penitentiary, the defendant escaped but was subsequently recaptured. He was then charged with escape, convicted, and sentenced to an indeterminate to 5-year term. In November 1975, he was paroled, and his parole was again revoked as the result of a fourth felony conviction.

In July 1976, the defendant was arrested and charged with first-degree burglary and conspiracy. On September 1, 1976, he entered a plea of guilty to the charge of conspiracy, and, in October 1976, he was sentenced to the Colorado State Penitentiary for an indeterminate to 5-year term. He was paroled in April 1978 to the Alcohol Treatment Program at the Colorado State Hospital, where he remained until May 3, 1978, when he left without permission and without completing the program.

On May 30, 1978, the defendant was arrested on a charge of committing aggravated robbery in Denver on May 16, 1978. In October 1978, he entered a plea of guilty to the crime of robbery, for which he received a sentence of 8-10 years at the Colorado State Penitentiary.

The foregoing resume does not detail the defendant's entire record, but it is more than sufficient to support the trial court's conclusion that it should place primary emphasis on the protection of society, rather than the rehabilitation of the defendant, in imposing the sentences from which the defendant appeals.

## II.

The defendant also argues that he is entitled to be re-sentenced under the presumptive sentencing provisions of the 1977 version of House Bill 1589. In *People v. McKenna*, 199 Colo. 452, 611 P.2d 574 (1980), this issue was decided contrary to the defendant's position. The arguments now advanced do not persuade us otherwise.

The sentence is affirmed.

CHIEF JUSTICE HODGES, JUSTICE ERICKSON, and JUSTICE DUBOFSKY do not participate.