The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Ardelle Kenneth SCHMIDT, Defendant-Appellant.

No. 83CA1417.

Colorado Court of Appeals, Div. II.

Feb. 7, 1985.

Rehearing Denied April 4, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, John Daniel Dailey, First Asst. Attys. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Sam Shaw, Seth J. Benezra, Deputy State Public Defenders, Denver, for defendant-appellant.

KELLY, Judge.

The defendant, Ardelle Kenneth Schmidt, appeals the sentence imposed upon him after his plea of guilty to attempted theft by receiving, complaining that the trial court erred in requiring him to make restitution to a bona fide purchaser of the property. We affirm and remand for amendment of the mittimus.

The defendant was charged with theft by receiving property stolen from several homes in and near Carbondale, Colorado, during the winter of 1982–1983. In the spring of 1983, some of the missing property was found in an antique store in Glenwood Springs. The owner of the store had purchased the property from the defendant and had refinished it preparatory to sale.

As a part of the sentence which followed the defendant's bargained plea, the court ordered the defendant to make restitution to the antique dealer, including an amount to cover the cost of refinishing. The defendant argues that the trial court was without authority to require payment of restitution to any person other than the owner of the property. We disagree.

We note preliminarily that the defendant was not sentenced to probation.

Therefore, the restitution provisions of § 16–11–204.5(1), C.R.S. (1984 Cum.Supp.) do not apply. We conclude, nevertheless, that the trial court was authorized by § 17–2–201(5)(c)(I), C.R.S. (1984 Cum.Supp.) and by § 16–11–102(4), C.R.S. (1984 Cum. Supp.) to fix the amount of restitution.

Section 17–2–201(5)(c)(I) states that, as a condition of parole, the parole board "shall provide that the offender make restitution to the victim of his conduct for the actual damages which were sustained." This section further states that "[t]he amount of such restitution shall be as determined by the court pursuant to § 16–11–102(4), C.R.S." Section 16–11–102(4), C.R.S. (1984 Cum.Supp.) requires that the amount of restitution be fixed by the court at the time of sentencing and be endorsed upon the mittimus.

We conclude that there is no difference between the "victim" to whom restitution must be made under the foregoing statutory provisions and the "victim" contemplated by § 16–11–204.5(1), C.R.S. Hence, the question for review is whether a bona fide purchaser of property which is the subject of theft by receiving is a "victim" of the crime for the purpose of assessing restitution under § 16–11–102(4), C.R.S.

Section 18–4–410(1), C.R.S. (1978 Repl. Vol. 8) provides that a person commits theft by receiving:

"When he receives, retains, loans money by pawn or pledge on, or *disposes of anything of value* of another, knowing or believing that said thing of value has been stolen, and when he intends to deprive the lawful owner permanently of the use or benefit of the thing of value." (emphasis added)

Unlike theft, as defined in § 18–4–401, C.R.S. (1978 Repl.Vol.8), the crime of theft by receiving includes the element of disposition of the stolen property. Here, the antique dealer is one of the victims of the crime because it was solely through his outlay of funds that the disposition of the stolen property was effected.

927

■ The transfer of stolen property to a bona fide purchaser necessarily victimizes the purchaser, since his interests must yield to the title of the rightful owner. *See Webb v. M.F.A. Mutual Insurance Co.*, 44 Colo.App. 210, 620 P.2d 38 (1980); *see also People v. Cera,* 673 P.2d 807 (Colo.App. 1983). The trial court properly included in the restitution figure an amount to reimburse the antique dealer for expenses for restoration of the property. *See People v. Deadmond,* 683 P.2d 763 (Colo.1984).

The sentence is affirmed, and the cause is remanded to the trial court with directions to enter an amended mittimus fixing the amount of restitution as to both the owners and the bona fide purchaser under the provisions of §§ 17–2–201(5)(c)(I) and 16–11–102(4), C.R.S. (1984 Cum.Supp.).

BERMAN and VAN CISE, JJ., concur.