The **PEOPLE of the State of Colorado,**
**Plaintiff-Appellee,**

v.

**Fred QUINONEZ, Defendant-Appellant.**

**No. 83CA1166.**

Colorado Court of Appeals,
Div. III.

Nov. 1, 1984.

Rehearing Denied Nov. 29, 1984.

Certiorari Granted May 6, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, Asst. Atty. Gen., Denver, for plaintiff-appellee.

The Law Firm of Leonard M. Chesler, Jeffrey S. English, Denver, for defendant-appellant.

METZGER, Judge.

Defendant, Fred Quinonez, appeals from the sentence imposed upon the judgment of conviction entered pursuant to his plea of guilty to accessory to first degree murder. Defendant contends that the trial court erred (1) by ordering restitution to be paid to persons who are not victims within the meaning of the restitution statute, and (2)

by failing to consider his ability to pay in determining the amount of restitution. We affirm in part, reverse in part, and remand with directions.

Defendant and two co-defendants were charged with various offenses arising out of a fight in which Christopher Mastalski was stabbed to death and James Darr was seriously injured. Defendant was originally charged with first degree murder and accessory to first degree murder in connection with Christopher Mastalski's murder, but he was not charged with any crimes relating to James Darr.

Upon his guilty plea to the accessory charge, the first degree murder charge was dismissed and defendant was sentenced to a community corrections program for two years, plus one year of probation supervision. *See* § 17–27–105(5), C.R.S. (1978 Repl. Vol. 8). Defendant was ordered to pay restitution of $11,579.79 to Christopher Mastalski's widow and $491 to James Darr. *See* § 16–11–102(4), C.R.S. (1978 Repl. Vol. 8), and § 16–11–204.5, C.R.S. (1978 Repl. Vol. 8).

### I.

On appeal, defendant contends that the court erred in ordering him to pay restitution to Christopher Mastalski's widow. Relying on *People v. King*, 648 P.2d 173 (Colo.App.1982), he argues that the court improperly made her a conduit for moneys owed to various doctors and a hospital in connection with treatment of Christopher Mastalski. He further argues that neither the widow, the doctors, nor the hospital were victims within the meaning of § 16–11–204.5, C.R.S. (1983 Cum.Supp.).

Subsequent to entry of the trial court's order, this court decided *People v. Catron*, 678 P.2d 1 (Colo.App.1983), which held that a deceased victim's "personal representative may properly be designated to receive as restitution such damages suffered by the victim as the trial court may order . . . ."

 The debts incurred to the doctors and the hospital were damages suffered by the victim, Christopher Mastalski, and thus, such amounts were properly payable by defendant. However, although the People assert in their brief on appeal that Christopher Mastalski's widow was his personal representative, there is nothing in either the record of the sentencing hearing or the presentence reports to support that assertion. Accordingly, that portion of the trial court's order is reversed and the cause is remanded to the trial court for entry of an order requiring that restitution be paid to Christopher Mastalski's personal representative as determined by application of the Colorado Probate Code.

### II.

Defendant contends that the trial court erred in failing to consider his ability to pay when entering its restitution order. We are unable to resolve this issue, since the trial court made no findings.

 The terms and conditions of restitution orders are discretionary, and will not be disturbed absent a gross abuse of that discretion. *Cumhuriyet v. People*, 200 Colo. 466, 615 P.2d 724; *see People v. Lowery*, 642 P.2d 515 (Colo.1982). We recognize that the restitution statute does not require that specific oral or written findings be made if a court orders restitution, although findings concerning a defendant's inability to pay must be made if restitution is not ordered. Section 16–11–204.5(1), C.R.S. (1983 Cum.Supp.). However, the absence of findings results in an inadequate basis for review of the court's exercise of its discretion. *See generally* Harland, *Monetary Remedies for the Victims of Crime; Assessing the Role of the Criminal Courts*, 30 *U.C.L.A.L.Rev.* 52 (1982); Note, *Victim Restitution in the Criminal Process; A Procedural Analysis*, 97 *Harv. L.Rev.* 931 (1984). Accordingly, we hold that findings concerning a defendant's ability to pay restitution must be entered of record to support all restitution orders. Therefore, we remand this case to the trial court for entry of such findings.

### III.

Defendant also contends that the court erred in ordering him to pay restitution to James Darr, since he was not charged with a crime involving James Darr. We agree, based upon our holding in *People v. Canseco,* 689 P.2d 673 (Colo. App.1984).

The sentence imposed is reversed insofar as it required restitution to be paid to James Darr and insofar as it required that Christopher Mastalski's widow be the recipient of the restitution. The cause is remanded for entry of findings concerning defendant's ability to pay restitution, and for imposition of sentence requiring that any restitution ordered be paid to the appropriate representative of Christopher Mastalski's estate. The sentence is affirmed in all other respects.

BERMAN and BABCOCK, JJ., concur.