The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Lila Ford PHILLIPS, Defendant-Appellant.

No. 85CA1171.

Colorado Court of Appeals, Div. I.

Aug. 21, 1986.

Rehearing Denied Sept. 25, 1986.

Certiorari Denied (Phillips) Feb. 17, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, First Asst. Atty. Gen., Denver, for plaintiff-appellee.

T. Peter Craven, Calvin Lee, Glenwood Springs, for defendant-appellant.

PIERCE, Judge.

Defendant, Lila Ford Phillips, appeals from a judgment of conviction entered upon a jury verdict finding her guilty of first degree arson. She also appeals from the restitution portion of her sentence. We affirm.

This appeal stems from an intentional burning of a mobile home belonging to defendant. The mobile home was vacant at the time of the fire. The evidence established that, on the morning of the fire, defendant and a friend had been at the mobile home. The length of their stay was disputed and was testified to be between ten minutes to an hour. They departed together, and soon thereafter, the fire was reported by a neighbor. Defendant and her friend were tried separately; she was convicted, he was acquitted.

I.

Defendant contends that the trial court erred in giving a complicity instruc-tion because there was insufficient evidence of involvement of another party. We disagree.

Reviewing the evidence, as we must, in the light most favorable to the prosecution, we conclude the jury verdict is supported by substantial evidence that: Defendant and her friend entered the mobile home at the same time between 8:00 A.M. and 8:30 A.M.; defendant noticed nothing unusual about the mobile home at that time; they left the mobile home together sometime between 8:30 A.M. and 9:00 A.M.; a neighbor reported the fire at 9:26 A.M.

Inasmuch as the jury apparently accepted the prosecution's theory of the case that the fire was deliberately set while defendant and her friend were in the mobile home that morning, the evidence indicated that two or more persons were jointly engaged in the commission of a crime, and thus, an instruction on complicity was appropriate. *See People v. Calvaresi*, 198 Colo. 321, 600 P.2d 57 (1979); *People v. Larson*, 194 Colo. 338, 572 P.2d 815 (1977).

II.

Defendant next contends that the trial court erred in denying her amended motion for new trial based on newly discovered evidence. Again, we disagree.

Motions for new trials based on newly discovered evidence are looked upon with great disfavor, and denial of such a motion by the trial court will not be reversed absent a showing of gross abuse of discretion. *Digiallonardo v. People*, 175 Colo. 560, 488 P.2d 1109 (1971). The trial court here fully considered defendant's argument and considered the necessary prerequisites to granting such a motion. *See Digiallonardo v. People, supra.* It found that the evidence could have been discovered with reasonable diligence and that the result of the trial would probably not have been changed, had this evidence been presented. Thus, we can identify no abuse of discretion.

## III.

▉ Related to defendant's motion for new trial is defendant's contention that the trial court erred in denying her motion to take judicial notice pursuant to CRE 201(b) and (d), of the pleadings, minutes, testimony, and verdict of the case in which defendant's friend was tried and acquitted. We disagree.

In her motion, defendant stated that the court should consider "the fact that the only difference in testimony at [her friend's trial] was the mention of a yellow Pinto by [a common witness]. Lila Phillips was found guilty and [her friend] was found not guilty." Defendant argued that mention of the yellow Pinto indicated the presence of yet another party, which was the only persuasive factor leading to her friend's acquittal.

In essence, defendant asked the trial court, via judicial notice, to compare and contrast the two cases. Such an evaluation would require the trial court to second guess the fact finder in the other case as to its reasons for finding defendant's friend not guilty. This is not a matter subject to judicial notice under CRE 201(b). *Cf. Linker v. Linker,* 28 Colo.App. 136, 470 P.2d 882 (1970). Therefore, the trial court would not have been justified in taking judicial notice of the matters requested by defendant. *See Massey v. People,* 649 P.2d 1070 (Colo.1982).

## IV.

Defendant's last contention concerns the amount of restitution imposed. The defendant's insurer paid the lienholder of the mobile home the full amount of the fire loss. The court ordered defendant to pay the insurer, as restitution, the amount of the fire loss plus the insurer's costs incurred in adjusting the loss claim.

Defendant argues that: (A) the insurer was not a "victim" under the restitution statute; (B) the insurer waived its rights to recover from the defendant; (C) the amount improperly included expenses and attorney fees incurred by the insurer; and (D) the court erroneously failed to inquire or make findings regarding defendant's ability to pay. We disagree with all of defendant's arguments.

## A.

▉ Section 16–11–204.5(4), C.R.S. (1985 Cum.Supp.) (effective April 23, 1985, approximately 50 days prior to the order imposing defendant's restitution) includes within the definition of "victim" parties "who have suffered losses because of a contractual relationship." Thus, an insurance carrier may be considered a "victim" under § 16–11–204.5, C.R.S. (1985 Cum. Supp.).

## B.

▉ The parties do not dispute that the insurance policy contained a provision which stated that the insurer gave up "the right to recover payment from the insured person" in a situation where, as here, the insurer paid the lienholder as a result of deliberate damage caused by the insured person. However, restitution is statutorily provided and is not conditioned upon a victim being either a party or asserting its right to recover. *See* § 16–11–204.5, C.R.S. (1985 Cum.Supp.). The statute mandates that the court provide that the defendant make restitution as a condition of every sentence to probation. Section 16–11–204.-5(1), C.R.S. (1985 Cum.Supp.). Thus, the insurer's contractual waiver of its right to recover pursuant to the insurance policy in no way affects the restitution decision.

## C.

▉ Defendant complains that the adjustment expenses, investigation costs, and attorney fees, incurred by the insurer in its processing of this case should not have been included in the restitution amount.

Section 16–11–204.5, C.R.S. (1985 Cum. Supp.) is intended to make the victim

whole. *People v. King*, 648 P.2d 173 (Colo. App.1982). Its language is unambiguous. *People v. Deadmond*, 683 P.2d 763 (Colo. 1984). It specifically allows for restitution payment for the actual pecuniary damage the victim sustained as the direct result of the defendant's conduct. *People v. Deadmond, supra.*

Applying these principles, we conclude the trial court properly included in the restitution figure an amount to reimburse the insurer for the expenses it incurred in processing this case. *See People v. Deadmond, supra; see also People v. Schmidt*, 700 P.2d 925 (Colo.App.1985); *People v. Catron*, 678 P.2d 1 (Colo.App.1984).

### D.

In her final argument concerning restitution, defendant does not challenge the sufficiency or accuracy of the information on which the restitution award was based. Rather, defendant argues that the court's failure to make express findings regarding her ability to pay is per se reversible error. We cannot agree with this argument.

While we held in *People v. Quinonez*, 701 P.2d 74 (Colo.App.1984) (*cert. granted* May 6, 1985), that a trial court must make findings concerning a defendant's ability to pay, we conclude that the facts in this case are distinguishable. In *Quinonez* there was no evidence in the record concerning defendant's ability to pay restitution. In contrast, here, the defendant's own testimony at trial as well as the presentence report showed that she was in a sufficient financial position to meet the restitution obligation imposed upon her. She did not present any information in rebuttal to the financial information contained in the presentence report. *See* § 16-11-102(5), C.R.S. (1985 Cum.Supp.); *People v. Wright*, 672 P.2d 518 (Colo.1983). Accordingly, the record on its face justifies the trial court's action. *See People v. Hotopp*, 632 P.2d 600 (Colo.1981); *People v. Cameron*, 200 Colo. 279, 613 P.2d 1312 (1980).

Defendant's remaining contention lacks merit.

The judgment and sentence are affirmed.

STERNBERG and METZGER, JJ., concur.