The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Deborah Victoria CHEEK,
Defendant-Appellant.

No. 84CA0780.

Colorado Court of Appeals,
Div. III.

Nov. 20, 1986.

Rehearing Denied Dec. 24, 1986.

Certiorari Denied (Cheek)
March 23, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, First Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colo. State Public Defender, Thomas R. Williamson, Deputy State Public Defender, Denver, for defendant-appellant.

KELLY, Judge.

The defendant, Deborah Victoria Cheek, appeals the order of the trial court requiring her to pay restitution in the sum of $2,020 incurred as damages by her ex-husband as the result of defendant's violation of a child custody order. She was required to pay this restitution as a condition of the deferred sentence entered by the court as authorized by § 16–7–403, C.R.S. (1985 Repl.Vol. 8A). The defendant's sole argument is that the damages were not incurred as a direct result of the offense and that, therefore, under the holding in *People v. Deadmond*, 683 P.2d 763 (Colo.1984), she could not be required to pay them. We disagree, and therefore affirm.

It is undisputed that James L. Jones, defendant's former husband, had been granted custody of their minor daughter through an order of the District Court of Mesa County, Colorado. The defendant was allowed visitation rights which included provision for the child to spend the first part of her 1982 Christmas vacation at the defendant's residence in Moab, Utah. Jones was to pick up the child in Moab on December 28, 1982. However, when he arrived in Moab, he could locate neither the defendant nor the child. Being unable to find them with the assistance of the police, Jones returned to his home in Grand Junction, Colorado.

Further investigation disclosed that in January 1983, the child was enrolled in a school in Moab. Thereafter, custody was restored to her father. The prosecution of defendant pursuant to § 18–3–304, C.R.S.

(1986 Repl.Vol. 8B) concerning violation of child custody orders followed.

While the child had been in Moab, the defendant had filed a petition in the District Court of Grand County, Utah, seeking custody of her daughter under the Uniform Child Custody Jurisdiction Act of Utah. The Utah district court initially issued a temporary restraining order prohibiting the removal of the child from the custody of the defendant or from the jurisdiction of the court. Then, following a hearing in January 1983, the court granted Jones' motion to dismiss the petition for lack of jurisdiction.

Pursuant to a stipulation for deferred judgment and sentence, the defendant entered a plea of guilty to the charge of violation of custody, and her sentence was deferred for a period of two years. One of the conditions of the deferred sentence was that she pay restitution to Jones in the amount of $2,020, being the undisputed total of his expenses for recovering the custody of the child and defending against the petition for custody in the Utah district court. These expenses consisted of attorney fees, lost wages, telephone bills, and travel expenses.

Citing *People v. Deadmond, supra,* the defendant argues that the restitution she was required to pay was not the "direct result" of her conduct as required by Colo. Sess.Laws 1979, ch. 157, § 16–11–204.5(1) at 664, the statute then in effect. The thrust of this argument is that there was insufficient nexus between the custody violation and the petition for custody in the Utah district court to assess these expenses against her as restitution. We disagree.

The defendant asserts that her petition for custody in the Utah district court was brought in good faith. However, it is uncontroverted that, had the defendant not violated the Colorado custody order by retaining the child in Utah, there could have been no basis for jurisdiction in the Utah court upon which to base a petition for custody. This cause and effect relationship alone is sufficient to support the trial court's order requiring the payment of restitution.

The order is affirmed.

VAN CISE and BABCOCK, JJ., concur.