**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**James D. ENGEL, Defendant–Appellant.**

**No. 86CA0518.**

Colorado Court of Appeals, Div. II.

Aug. 27, 1987.

Rehearing Denied Oct. 1, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, First Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Patrick Vance, Deputy State Public Defender, Denver, for defendant-appellant.

METZGER, Judge.

Defendant, James Engel, appeals the trial court order of restitution entered as part of a sentence to probation. As grounds for this appeal, defendant argues that: 1) the trial court deprived him of his constitutional right to notice by awarding an amount of restitution greater than that originally requested by the People; 2) the trial court improperly imposed the burden of proof on him to disprove claimed damages; 3) the trial court included in its restitution order amounts not properly chargeable to him; and 4) the trial court erred by failing to make written findings concerning his ability to pay restitution. We affirm in part, reverse in part, and remand for further proceedings.

On August 1, 1984, the defendant wrote a check in the amount of $10,535.30, to the Gilbaugh Agency (the victim), as disbursing agent, at a real estate closing for the purchase of a house. Defendant then received title to the house and took possession. The check was returned for insufficient funds, as were other of defendant's checks which are not at issue here.

When the check was returned, the victim instituted proceedings to evict defendant from the home and to clear the title to the property for resale. Thereafter, defendant was charged with theft, a class three felony; theft, a class four felony; and fraud by check. On September 24, 1985, the defendant pled guilty to the first count and the other counts were dismissed. Defendant agreed to pay restitution, but reserved his right to dispute the amount submitted by the People.

The People's notice of restitution designated a total of $7,704.40 to be paid to the victim. The defendant objected to this amount. At the hearing, the People established, by documentary evidence and testimony, that the defendant's check for $10,535.30 "bounced" and that the victim was required to borrow funds to cover the shortfall.

The trial court ordered defendant to pay restitution of $8,663.33, which included: the victim's commission on the sale of the house to defendant, the amount payable to the original seller at closing, the costs of resale (including the victim's commission), plus 18 percent interest from the date of the original closing, reduced by the amount of money received at resale. The trial court ordered defendant to pay the total restitution in four years plus 18 percent interest on the unpaid balance. This appeal followed.

## I.

■ The defendant argues that because the People requested interest for the first time at the restitution hearing, he was not afforded timely notice and was, thus, denied due process of law. We disagree.

"As a condition of every sentence to probation, the court shall provide that the de-fendant make restitution. . . ." Section 16–11–204.5, C.R.S. (1986 Repl.Vol. 8A). The purpose of restitution is to make the victim whole. *People v. King*, 648 P.2d 173 (Colo. App.1982).

■ Payment of restitution is authorized only as to the victim of a defendant's conduct, and only for the actual pecuniary damage the victim sustained as a direct result of the defendant's conduct. *People v. Deadmond*, 683 P.2d 763 (Colo.1984). A defendant has the right to be given the opportunity to ascertain the amount of the injury sustained as a result of his conduct. *Cumhuriyet v. People*, 200 Colo. 466, 615 P.2d 724 (1980).

Defendant was aware that he would be required to pay restitution since he had received a written, itemized notice of the amount ascertained by the prosecution in November 1985. Before the hearing, defense counsel had received a copy of the letter from the victim to the prosecutor which included the interest paid to-date. At the restitution hearing, the victim's representative testified that it had been required to borrow the money required to cover the losses caused by defendant's check. Moreover, the record shows no evidence of any objection, surprise, or request for continuance by defense counsel. Accordingly, we hold that where, as here, a defendant's conduct requires a victim to borrow funds to cover losses, both the principal and interest constitute actual pecuniary damage and, thus, are properly includable in a restitution order.

■ However, the record does not contain sufficient evidence concerning the duration of the victim's loan nor its rate of interest. Thus, the restitution order as to interest may not stand, and the cause must be remanded for a new hearing to determine and award only the amount of interest the victim was obligated to pay. Also, the portion of the trial court's order requiring defendant to pay 18 percent interest on the unpaid balance of the restitution amount must be vacated because it does not constitute actual pecuniary loss caused

by the defendant's conduct. *People v. Deadmond, supra.*

## II.

 The defendant next argues that the trial court committed error by requiring him to prove that the requested amount of restitution was not proper. We agree.

The People bear the burden of proving that the restitution sought is attributable to the defendant's conduct. *See Cumhuriyet v. People, supra.*

Here, the trial court required defendant to bear the burden of going forward with the evidence. However, the record shows no prejudice to defendant; accordingly, we decline to reverse on this basis. We conclude that the better practice is to require the People to present their evidence first. *People v. King, supra.*

## III.

The defendant asserts that the trial court erred in determining the amount of actual pecuniary damages sustained by the victim.

### A.

 He first asserts that the trial court erred in ordering him to pay $1,250.94 incurred in the resale of the house because there was no evidence that this amount constituted actual pecuniary loss caused by his conduct. We disagree.

People's Exhibit A, prepared by the victim, details the expenditures made to resell the house after the defendant's check was returned for insufficient funds. The amount defendant disputes was actually spent as a direct result of his conduct and was expended to rectify the damage caused by the defendant. Consequently, these costs are properly included in the restitution order. *People v. Deadmond, supra.*

### B.

 The defendant also argues that, because he was evicted from the house and the house was later resold, he should not be required to pay the victim's commission for his "purchase" of the house. This contention is without merit.

The commission on defendant's "purchase" of the house was payment for the services and efforts of the victim. Because the defendant delivered an insufficient funds check, which the victim relied upon in making certain distributions, the victim suffered an actual pecuniary loss. *See People v. Cheek,* 734 P.2d 654 (Colo.App. 1986); *People v. Schmidt,* 700 P.2d 925 (Colo.App.1985). We hold that this commission constituted a loss to the victim and thus was properly included.

## IV.

 Defendant's final argument, that the trial court erred by failing to make findings that he had the present ability to pay restitution, was answered adversely to his contention in *People v. Quinonez,* 735 P.2d 159 (Colo.1987).

The order is reversed and the cause is remanded for a new hearing to determine and award the amount of interest the victim was obligated to pay on the loan incurred as a result of defendant's conduct.

SMITH and STERNBERG, JJ., concur.