**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Scott DILLINGHAM, Defendant– Appellant.**

**No. 93CA0187.**

Colorado Court of Appeals, Div. II.

May 5, 1994.

Rehearing Denied June 2, 1994.

Certiorari Denied Oct. 11, 1994.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Jonathan Arnold Abbott, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge KAPELKE.

Defendant, Scott Dillingham, appeals from the trial court's order of restitution imposed in conjunction with his sentence of probation after he pled guilty to the charge of second degree burglary. We affirm.

The victim reported the theft from his shop of tools valued at approximately $20,000. Two days later, an anonymous caller informed the sheriff's department that two men in an old orange and white pickup truck had just tried to sell him some tools. This information led to the arrest of defendant and another person and the return to the victim of most of his tools. Both men confessed to the theft of the tools.

Sometime after discovering the theft, the victim offered a $1,000 reward to anyone who would help in the recovery of his tools. After the tools were returned, the sheriff received a phone call from an individual claiming the reward. The sheriff confirmed that the caller was the source of the information leading to the arrest of defendant, and the victim paid the reward.

Following an evidentiary hearing, the trial court ordered defendant to pay restitution for some tools that were still missing as well as $1,000 for the reward paid by the victim. The court found that the payment of the reward was a reasonable action taken by the victim to mitigate his loss.

Contending that the trial court erred in ordering him to pay restitution to the victim for the reward, defendant first claims that the amount of the reward should not have been included in the court's restitution order because the victim was under no legal obligation to offer or pay such a reward. We disagree.

■ Colorado law requires that, as a condition of every sentence to probation, the court shall provide "that the defendant make restitution to the victim of his conduct ... for the *actual damage* which was sustained." Section 16–11–204.5(1), C.R.S. (1986 Repl. Vol. 8A) (emphasis added). The amount of the restitution is to be based on the "actual, pecuniary damages sustained by the victim" as a result of the defendant's conduct. Section 16–11–204.5(1); *see also People v. Borquez*, 814 P.2d 382 (Colo.1991); *People v. Acosta*, 860 P.2d 1376 (Colo.App.1993).

■ A trial court has broad discretion in determining the appropriate terms and conditions of restitution orders. *See* § 16–11–204(1), C.R.S. (1986 Repl.Vol. 8A). Absent a gross abuse of discretion, the court's ruling will not be disturbed on appeal. *People v. Quinonez*, 701 P.2d 74 (Colo.App.1984), *aff'd in part & rev'd in part on other grounds*, 735 P.2d 159 (Colo.1987).

■ Here, the trial court concluded that the payment of the reward was a part of the "actual, pecuniary damages sustained by the victim" as a direct result of defendant's conduct. Based upon the testimony of the victim, the trial court found that the offer and payment of the reward were reasonable under the circumstances and that the payment would not have been incurred "but for the actions" of the defendant and his cohort. We perceive no abuse of discretion in such finding.

While there was no legal obligation for the victim to offer such a reward, his payment nevertheless constituted an item of actual pecuniary damages incurred by him as a result of defendant's criminal conduct. *See State v. Hazlitt*, 77 Or.App. 344, 713 P.2d 617 (1986) (authorizing inclusion of a reward amount in restitution order if the amount was found to have been paid as a result of the defendant's criminal conduct).

■ Our goal in interpreting the statute is to determine and give effect to the intent of the General Assembly. *See People v. Borquez, supra.* The purpose of an award of restitution pursuant to § 16–11–204.5 is to make the victim whole. *See People v. Phillips*, 732 P.2d 1226 (Colo.App.1986).

In applying the statute, our courts have not limited restitution to amounts that the victim was legally required to pay. *See People v. Engel*, 746 P.2d 60 (Colo.App.1987) (money spent to repair a house damaged by defendant in order to resell it was properly included in restitution order); *People v. Schmidt*, 700 P.2d 925 (Colo.App.1985) (trial court properly ordered defendant who pled guilty to theft by receiving stolen antiques to pay restitution to bona fide purchaser to reimburse him for expenses for restoration of the antiques).

Here, the trial court's inclusion of the reward in its restitution order did not result in a windfall to the victim or lead to an unjust result. Rather, it fulfilled the statutory purpose of making the victim whole to the extent practicable. *See People v. Borquez, supra.* Also, under the circumstances here, the amount of the reward was reasonable.

Defendant further claims that the record is unclear as to whether the informant knew of and was motivated by the reward offer when he provided the information to the sheriff's office. Accordingly, defendant argues that the victim and the informant did not have a legally enforceable contract and that the victim's payment of the reward was therefore a mere gift that could not be included in the award of restitution.

The trial court is not bound by the strict rules of civil damages in fixing the amount of restitution. *People v. Johnson*, 780 P.2d 504 (Colo.1989). Thus, the fact that the victim may not have been contractually bound to pay the reward does not affect the propriety of the court's restitution order. *See People v. Phillips, supra.*

The restitution allowed by the court did no more than make the victim whole. Hence, we conclude that the trial court did not abuse its discretion in including the amount of the reward in its restitution order.

The order is affirmed.

METZGER, J., concurs.

JONES, J., dissents.

Judge JONES dissenting.

I respectfully dissent. In my view, reward money is not encompassed by the statute authorizing restitution; therefore, I agree with the defendant that the trial court erred in ordering him to pay restitution as a condition of probation in the amount of a reward arbitrarily established and paid by the victim.

The trial court's authority to set the terms and conditions of probation is statutory. *Cumhuriyet v. People*, 200 Colo. 466, 615 P.2d 724 (1980). Section 16–11–204.5(1), C.R.S. (1986 Repl.Vol. 8A) authorizes a court to order restitution pursuant to the following provisions:

> As a condition of every sentence to probation, the court shall provide that the defendant make restitution to the victim of his conduct or to a member of the victim's immediate family for the actual damages which were sustained. Such restitution shall be ordered by the court as a condition of probation. The amount of such restitution shall be based on the actual, pecuniary damages sustained by the victim, the ability of the defendant to pay, and the defendant's obligations to support his dependents and to meet other family obligations. The court shall fix the manner and time of performance....

The purpose of an order for restitution is to make the victim whole, meaning that "a defendant should not be forced to repay a victim when there has been no indication that the damage or injury sustained by the victim was inflicted by the defendant." *Cumhuriyet v. People, supra*, 615 P.2d at 726. Hence, payment of restitution is authorized "only for the actual pecuniary damage the victim sustained *as a direct result of the defendant's conduct*." *People v. Deadmond*, 683 P.2d 763, 774 (Colo.1984) (emphasis added).

In contrast to other cases in which restitution has been approved for expenses undertaken by a victim for damages inflicted by a defendant, *cf. People v. Valenzuela*, 874 P.2d 420 (Colo.App.1993); *People v. Courtney*, 868 P.2d 1126 (Colo.App.1993); *People v. Acosta*, 860 P.2d 1376 (Colo.App.1993); *People v. Engel*, 746 P.2d 60 (Colo.App.1987); *People v. Cheek*, 734 P.2d 654 (Colo.App.1986), restitu-tion may not be authorized with respect to the reward money here because the payment was a voluntary act by the victim subsequent to infliction of the damage by the victim and was not, therefore, a direct result of the defendant's actions.

Additionally, I view the majority opinion as being in contravention of § 16–11–204.5. While the focus of the statute is to narrow the restitution to that amount which will make the victim whole, the opinion sanctions any amount which a victim decides, with no relation to reason, common sense, or economic reality, to spend in the case. I do not believe that the General Assembly intended that result.

Accordingly, I would vacate the order of restitution and remand for entry of an order of restitution which does not encompass the $1,000 which the victim arbitrarily established and expended as a reward.