**In the Matter of the WELFARE OF D.D.G.**

**No. C5–94–2515.**

Court of Appeals of Minnesota.

June 6, 1995.

John M. Stuart, State Public Defender, Charlann Winking, Asst. State Public Defender, Minneapolis, for appellant D.D.G.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, and Earl E. Maus, Cass County Atty., Jon P. Eclov, Asst. Cass County Atty., Walker, for respondent County.

Considered and decided by KALITOWSKI, P.J., TOUSSAINT, C.J., and FOLEY,* J.

## OPINION

DANIEL F. FOLEY, Judge.

Appellant challenges the district court's order requiring appellant to pay restitution, arguing that (1) restitution is not allowable where there was no damage to person(s) or property, and (2) payments from the reward fund voluntarily established to assist in the investigation of a crime are not compensable as restitution because they are not a direct result of the crime. We affirm.

## FACTS

Appellant D.D.G. (d.o.b. 12–3–78) was adjudicated delinquent after he admitted to one count of interference with use of public property, in violation of Minn.Stat. § 624.72, subd. 5 (1992). Appellant's adjudication stems from a bomb threat received at the Walker–Hackensack–Akeley School through an anonymous phone call. After evacuating the building, police officers searched the building but found no bomb. Following an investigation, appellant was charged with making terroristic threats, in violation of Minn.Stat. § 609.713, subd. 1 (Supp.1993). Appellant later admitted to the amended offense of interference with use of public property.

At the restitution hearing, Boyd McLarty, superintendent of the school board, testified that the building was evacuated after the bomb threat. Two custodians were paid a total of $138.32 for time not actually worked due to the evacuation. Further, McLarty stated that the sheriff's department recommended offering a reward to apprehend the caller and that the decision to make the reward offer was not based on any existing policy. McLarty testified that one of the reasons for offering a reward was to obtain information quickly so that people could go back into the building if there was no bomb, but that the reward offer was not publicly communicated until the next day. While the reward had not yet been paid at the time of the hearing, McLarty testified that the recipients had been identified and the school district was obligated to pay the reward.

Following the restitution hearing, the district court ordered appellant to pay restitution in the amount of $638.32. This amount represents the two custodians' wages ($138.32) for the period during which the school building was evacuated, and the reward fund offered for information leading to appellant's apprehension ($500). This appeal followed.

## ISSUES

I. Is this case governed by Minn.Stat. § 260.185, subd. 1(e) or Minn.Stat. §§ 611A.01–.88?

II. Did the trial court properly order restitution for a voluntarily established reward fund?

## ANALYSIS

■ Appellant challenges the district court's order requiring appellant to pay restitution. "A trial court has wide discretion in ordering reasonable restitution." *State v. Muller*, 358 N.W.2d 72, 76 (Minn.App.1984). On the other hand, the construction of a statute is clearly a question of law and thus fully reviewable by an appellate court. *Hib-*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 2.

*bing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985).

## I.

Minnesota law expressly permits restitution:

A victim of a crime has the right to receive restitution as part of the disposition of a criminal charge or juvenile delinquency proceeding against the offender if the offender is convicted or found delinquent.

Minn.Stat. § 611A.04, subd. 1(a) (Supp.1993). The term "victim" is defined as

a natural person who incurs loss or harm as a result of a crime, and for purposes of sections 611A.04 and 611A.045, also includes a corporation.

Minn.Stat. § 611A.01(b) (1992).[1] In particular, restitution is allowable in juvenile proceedings. *See* Minn.Stat. § 260.185, subd. 1(e) (Supp.1993) ("If the child is found to have violated a state or local law or ordinance which has resulted in damage to the person or property of another, the court may order the child to make reasonable restitution for such damage."); Minn.Stat. § 611A.015 (Supp.1993) ("The rights afforded to crime victims in sections 611A.01 to 611A.06 are applicable to * * * juvenile delinquency proceedings."); Minn.Stat. § 611A.04, subd. 1(a).

The Minnesota Supreme Court has stated, "the word 'restitution' connotes restoring or compensating the victim for his [or her] loss." *State v. Fader*, 358 N.W.2d 42, 48 (Minn.1984). This court has added, "where the victim's losses are directly caused by [the defendant's] conduct for which he [or she] was convicted there is nothing improper in ordering restitution." *State v. Olson*, 381 N.W.2d 899, 901 (Minn.App.1986). Courts are to calculate restitution amounts in the following way:

The court, in determining whether to order restitution and the amount of the restitution, shall consider the following factors:

(1) the amount of economic loss sustained by the victim as a result of the offense; and

(2) the income, resources, and obligations of the defendant.

Minn.Stat. § 611A.045, subd. 1 (1992).

■ Appellant first argues that restitution was improper because there was no "damage to the person or property of another," as that language relates to juvenile proceedings. Minn.Stat. § 260.185, subd. 1(e). Appellant contrasts this "person or property" language with the general restitution language contained in Minn.Stat. §§ 611A.01–.77 (1992 & Supp. 93) (Crime Victims Act), wherein victims are allowed to seek the following as restitution:

A request for restitution may include, but is not limited to, any out-of-pocket losses resulting from the crime, including medical and therapy costs, replacement of wages and services, and funeral expenses.

Minn.Stat. § 611A.04, subd. 1(a) (Supp.1993). Appellant claims that these two provisions are in conflict and that rules of statutory construction dictate that special provision language prevails over general language. According to appellant, the "person or property" language regarding juvenile proceedings is the special provision and so, prevails. We disagree.

Minnesota law provides the following guidance when provisions are irreconcilable:

When a general provision in a law is in conflict with a special provision in the same or another law, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions be irreconcilable, the special provision shall prevail and shall be construed as an exception to the general provision, *unless the general provision shall be enacted at a later session and it shall be the manifest intention of the legislature that such general provision shall prevail.*

Minn.Stat. § 645.26, subd. 1 (1992) (emphasis added). Appellant argues that section 260.185, as the special provision, prevails. Appellant's argument, however, fails to consider the exception contained in section 645.26 stating that a general provision prevails if it was enacted at a later date. Sec-

---

1. As appellant concedes, a school district is a public corporation. *Village of Blaine v. Independent Sch. Dist. No. 12*, 272 Minn. 343, 350, 138 N.W.2d 32, 38 (1965).

tion 260.185 was first enacted in 1959. *See* 1959 Minn.Laws ch. 685, § 28 ("If the child is found to have violated a state or local law or ordinance which has resulted in damage to the property of another, the court may order the child to make reasonable restitution for such damage."). But for one basic change, this language has remained virtually the same to this day. *See* 1989 Minn.Laws ch. 21, § 1 (adding the phrase "person or" so that the section now reads "damage to the person or property of another").

In contrast, the Minnesota legislature enacted the Crime Victims Act in 1983. 1983 Minn.Laws art. 1, ch. 262. From the outset, the legislature included juvenile proceedings within the Act's coverage. *See id.* § 4 ("A victim of a crime has the right to request that restitution be considered as part of the disposition of a criminal charge or juvenile delinquency proceeding against the offender."). Thus, because the Crime Victims Act came later in time, the exception language of Minn.Stat. § 645.26, subd. 1 governs, and the Crime Victims Act language prevails. Moreover, the inclusion of juvenile proceedings within the Act's coverage indicates a legislative intent that the Act should prevail in case of a conflict.

In short, section 260.185 should not be read in a vacuum but rather, should be read in conjunction with chapter 611A. Legislative history supports this position. *See* 1989 Minn.Laws ch. 21, §§ 1, 4 (making changes to both section 260.185 and section 611A.04). The fact that the legislature simultaneously amended both sections indicates its awareness of both sections and an intention that both sections be read together rather than as conflicting.

## II.

Appellant next argues that a reward fund voluntarily established to assist in the investigation of a crime is not compensable as restitution because it is not a direct result of the crime.[2] In particular, appellant notes that, pursuant to Minn.Stat. § 611A.04, subd. 1(a), restitution includes "out-of-pocket losses resulting from the crime." According to ap-

pellant, restitution for the reward fund is improper because the reward offer did not result from the crime. We disagree.

This is a case of first impression as the issue of whether a reward fund is compensable as restitution has not been addressed by Minnesota courts. We conclude that the reward fund offered by the school district constitutes "out-of-pocket losses resulting from the crime." In particular, we note that the reasoning of *People v. Dillingham* presents analytical support. 881 P.2d 440 (Colo.Ct.App.1994). In *Dillingham*, the court affirmed the award of restitution for a reward fund offered for information leading to the recovery of stolen tools. *Id.* at 441. The defendant argued that restitution should not be allowed because the victim had no legal obligation to offer or pay the reward. *Id.* The court rejected this argument stating,

[w]hile there was no legal obligation for the victim to offer such a reward, his payment nevertheless constituted an item of actual pecuniary damages incurred by him as a result of criminal conduct.

*Id.* at 442. The court further noted that the purpose of awarding restitution under Colorado's law "is to make the victim whole." *Id.* Finally, the court concluded that the "restitution order did not result in a windfall to the victim." *Id.*

Appellant appears to argue that there is no connection between appellant's conduct and the reward because the school district was not obligated to pay the reward. But, just as in *Dillingham*, the payment of the reward constitutes "damages incurred" because of appellant's conduct. School authorities were faced with a situation where they did not know whether the telephoned bomb threat was real or a hoax. In order to calm the school community, as well as the community in general, they decided to offer a reward in order to apprehend the caller as quickly as possible. As a result of the reward offer, police authorities received information which led to appellant. While the bomb threat turned out to be a hoax, it is

---

**2.** Appellant apparently concedes that if this case is governed by chapter 611A, the custodians' wages were properly included in the restitution award. *See* Minn.Stat. § 611A.04, subd. 1(a) ("A

request for restitution may include * * * any out-of-pocket losses resulting from the crime, including * * * replacement of wages.").

# 283

also clear that, under these circumstances, the reward offer would not have occurred but for appellant's conduct. Moreover, just as in Colorado, one of the purposes of restitution in Minnesota is to compensate the victim. *See Fader*, 358 N.W.2d at 48. Thus, the reward offer represents a reasonable loss that was necessary to incur and, the restitution order merely compensates the school district as the victim.

## DECISION

The district court properly awarded the school district restitution for the custodians' wages, as well as the reasonable out-of-pocket losses resulting from the reward offer.

**Affirmed.**