The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

**James R. DUVALL, Defendant–Appellant.**

No. 95CA0021.

Colorado Court of Appeals, Div. I.

Oct. 26, 1995.

As Modified on Denial of Rehearing Nov. 24, 1995.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Wendy J. Ritz, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Sheila M. Davis, P.C., Sheila M. Davis, Denver, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, James R. Duvall, appeals from a portion of the trial court's order of restitution imposed in conjunction with his sentence of probation after he pled guilty to possession of a controlled substance and theft. We affirm.

Defendant was ordered to pay restitution in the amount of $2,562.13. A portion of this amount, $468.12, was the value of the controlled substances removed by defendant from the drug store where he was employed. The balance of the ordered restitution, $2,094.01, served to reimburse the victim company for time spent by its president, security manager, and pharmacist in conducting inventories, installing and using security equipment, and cooperating with investigating and prosecuting authorities.

Defendant's sole contention on appeal is that the trial court erred in awarding restitution for the time in question even though no funds in addition to the employees' regular salaries were expended by the victim company. We disagree.

A trial court has broad discretion in determining the appropriate terms and conditions of restitution orders. And, absent a gross abuse of discretion, the court's ruling will not be disturbed on appeal. *See People v. Dillingham*, 881 P.2d 440 (Colo.App.1994).

As a condition to every sentence to probation, the sentencing court must provide "that the defendant make restitution to the victim of his conduct ... for the actual damage which was sustained," and the amount of such restitution is to be based on the "*actual, pecuniary* damages sustained by the victim" as a result of the defendant's conduct. Section 16–11–204.5(1), C.R.S. (1986 Repl.Vol. 8A) (emphasis supplied). The purpose of an award of restitution under this statute is to make the victim whole. *People v. Dillingham, supra.*

Our courts have interpreted this statute in a broad variety of contexts to affirm awards of restitution intended to make a victim whole. *See Valenzuela v. People*, 893 P.2d 97 (Colo.1995) (restitution upheld requiring defendant to pay interest on the amount she fraudulently obtained from the government); *People v. Dillingham, supra* (restitution order affirmed requiring defendant to pay reward offered and paid by victim to help recover his tools); *People v. Engel*, 746 P.2d 60 (Colo.App.1987) (money spent to repair a house damaged by defendant in order to

resell it was properly included in restitution order).

As noted in *People v. Acosta,* 860 P.2d 1376, 1383 (Colo.App.1993) in a similar context:

> If an individual is wrongly deprived of money by a criminal defendant, either by having such money wrongfully taken from him or her or by being required to expend money for purposes for which it would not otherwise have been spent (such as for medical care or repair services, for example), it can be persuasively argued that that individual, or anyone expending the money on his or her behalf, has sustained pecuniary damages because of the loss of the use of the money involved.

Notwithstanding the cited cases, defendant argues that the statutory phrase "actual pecuniary damages" is limited to out-of-pocket expenditures and that, therefore, the trial court erred in ordering him to reimburse the victim company for time spent by its employees. We disagree.

█ Although other courts have affirmed awards of restitution, no decision has specifically interpreted the phrase "actual pecuniary damages." However, "pecuniary damages" has been defined as "such as can be estimated in and compensated by money; not merely the loss of money or saleable property or rights, but all such loss, deprivation, or injury as can be made the subject of calculation and of recompense in money." *Black's Law Dictionary* 353 (5th ed. 1979). Considering this definition, and the underlying statutory purpose, we conclude that "actual pecuniary damages" are not limited to out-of-pocket expenditures, but encompass other losses or injuries which can be reasonably calculated and recompensed in money.

Here, the victim company's officials presented testimony that company employees spent 97 hours on tasks such as conducting daily inventory of drugs to determine which drugs were being stolen, tallying invoices to determine the quantity stolen, and reviewing tapes from a security camera which the company had installed to determine who was responsible for the theft. A company official also testified that the time spent by its employees was necessary because the defendant had been stealing drugs from the victim company and, importantly, that if defendant had not been involved in such activities, the employees would have been employed doing other things for the company. The company requested reimbursement for its employees' time based upon their hourly rates, ranging from $15.61 per hour to $24.67 per hour.

Under these circumstances, we conclude that the value of the employees' time constituted an "actual pecuniary damage" sustained by the victim company and, therefore, the value of such time is appropriately includable in a restitution award, regardless of whether any funds in addition to the employees' regular salaries were expended by the victim company. *See People v. Phillips,* 732 P.2d 1226 (Colo.App.1986) (reimbursement for investigation costs is properly included in an award of restitution).

Accordingly, the order of the trial court is affirmed.

METZGER and PLANK, JJ., concur.