**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**Dudley WITT, Defendant–Appellant.**

**No. 98CA2420.**

Colorado Court of Appeals,
Div. A.

May 25, 2000.

Certiorari Denied Dec. 18, 2000.

Ken Salazar, Attorney General, Katherine A. Hansen, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge VOGT.

Defendant, Dudley Witt, appeals the order of restitution entered in conjunction with the deferred judgment and sentence imposed after he pled guilty to theft. We affirm the order and remand for correction of the mittimus.

Defendant was charged with one count of theft, a class four felony, and one count of offering a false instrument for recording, a class five felony, after he fraudulently obtained food stamps worth $6,276. Pursuant to a plea agreement, defendant pled guilty to the felony theft count and an added count of misdemeanor theft, and the remaining felony count was dismissed.

The plea agreement provided for a four-year deferred judgment and sentence on the felony count and a concurrent sentence to probation on the misdemeanor count. In addition, defendant agreed to pay restitution in the amount of $5,706, representing the value of the food stamps less the amount he had previously repaid, to the Arapahoe County Department of Social Services (DSS). The parties further agreed to set for hearing DSS's request for additional restitution for expenses incurred in its investigation of defendant's conduct.

The trial court accepted the plea, imposed a sentence in accordance with the plea agreement, and set the additional restitution request for hearing.

At the hearing, the prosecution presented evidence that DSS had spent 54.75 hours investigating defendant's fraud, which had extended over a period of approximately sixteen months. The investigation included obtaining verification and documentation of the fraudulent acts, field interviews, computation of lost benefits, and organization and completion of documents necessary for prosecution of the case. DSS calculated the cost of the investigation by multiplying the number of hours (54.75) times $25.42, the "cost of investigator per hour," for a total of $1,391.75.

Based upon its determination that DSS was a victim of defendant's conduct within the meaning of § 16–11–204.5, C.R.S.1999, and that the cost of the investigation constituted out-of-pocket losses resulting from that conduct, the trial court ordered that defendant pay DSS additional restitution in the amount of $1,391.75.

■ On appeal, defendant contends that the trial court's order of additional restitution was error because the work for which DSS sought payment was simply part of its ongoing administration of the food stamp program, and because the costs of prosecuting such cases are to be borne by DSS pursuant to § 26–2–305(4), C.R.S.1999. We disagree.

■ A trial court has broad discretion in determining the appropriate terms and conditions of restitution orders. Absent a gross abuse of discretion, the court's ruling will not be disturbed on appeal. *People v. Dillingham*, 881 P.2d 440 (Colo.App.1994).

As a condition of every sentence to probation, the sentencing court must provide that the defendant make full restitution to the victim of his or her conduct for the actual damages that were sustained. Section 16–11–204.5(1), C.R.S.1999. "Victim," for purposes of this statute, means the party immediately and directly aggrieved by a defendant who is convicted of a criminal act and granted probation. Section 16–11–204.5(4), C.R.S. 1999.

■ A governmental entity may qualify as a victim to whom restitution is payable. *See Valenzuela v. People*, 893 P.2d 97 (Colo.1995) (defendant convicted of welfare fraud was required to pay restitution, consisting of amount actually taken plus interest, to county department of social services); *People v. Cera*, 673 P.2d 807 (Colo.App.1983) (defendant ordered to pay restitution to the Drug Enforcement Agency for money fronted by it for purchase of controlled substances from defendant).

■ Actual damages are not limited to out-of-pocket expenditures, but encompass other losses or injuries that can be reasonably calculated and compensated with money.

Divisions of this court have held that the value of employees' time spent on tasks made necessary by a defendant's conduct is compensable, regardless of whether any funds in addition to the employees' regular salaries were expended by the victim. *See People v. Duvall,* 908 P.2d 1178 (Colo.App.1995)(value of time spent by drug store employees investigating theft of drugs from store was appropriately included in restitution award); *People v. Phillips,* 732 P.2d 1226 (Colo.App.1986) (defendant properly ordered to pay restitution for adjustment expenses, investigation costs, and attorney fees incurred by insurer-victim in its processing of case). Although *Duvall* and *Phillips* involved private businesses, we perceive no basis for applying a different rule here simply because DSS is a governmental entity.

■ Finally, we conclude that § 26–2–305(4), on which defendant relies, is inapposite. That statute applies specifically to "costs incurred by district attorneys" in the prosecution of food stamp fraud cases, and requires that such costs be billed to the county departments for payment to the district attorneys as an expense of food stamp administration. The statute is inapplicable on its face because the costs at issue here are not sought by district attorneys but by an entity that was itself the party "immediately and directly aggrieved" by defendant's conduct. Section 16–11–204.5(1).

The evidence before the trial court showed that DSS was required to devote over fifty hours of employee time, the value of which could reasonably be calculated, to an investigation necessitated by defendant's conduct. It was within the trial court's discretion to include the value of that time in the amount defendant was required to pay as restitution to DSS as the victim of his conduct.

The order is affirmed. However, because the amended mittimus does not accurately reflect defendant's convictions, his sentence, or the restitution ordered by the trial court, the cause must be remanded to permit the trial court to enter a corrected mittimus indicating that: (1) defendant pled guilty to count one: theft, a class four felony, in violation of § 18–4–401(2)(c), C.R.S.1999, and count three: theft, a class two misdemeanor, in violation of § 18–4–401(2)(b), C.R.S.1999; (2) the court imposed a deferred judgment and sentence with probation for four years as to count one and a concurrent sentence to probation for one year as to count three; and (3) defendant was ordered to pay restitution in the total amount of $7,097.75.

Judge TURSI * and Judge CRISWELL * concur.